EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LEÓNICO MONROIG, acusado y apelante.

Núm. 8504.—*Sometido:* Febrero 17, 1941. *Resuelto:* Febrero 24, 1941.

*A. Reyes Delgado y P. Santos Borges,* abogados del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Leónico Monroig fué convicto del delito de portar armas prohibidas y sentenciado a dos meses de cárcel. Como único fundamento de este recurso, alega que la sentencia no está sostenida por la prueba. El acusado no ofreció evidencia alguna, consistiendo la del Pueblo en la declaración de Antonia Monroig, hija del acusado y esposa del testigo principal Genaro López, y en los testimonios de Daniel y Antonio Ramos y Genaro López. La declaración de los dos primeros

testigos no arroja luz alguna, ya que según ellos no se hallaban en el sitio de los sucesos cuando éstos tuvieron lugar. Antonio Ramos sólo sabe que los disparos a que más adelante haremos referencia tuvieron lugar en· la casa de Genaro López, y sabe que los hizo Leónico Monroig porque se lo dijo López. Así, pues, la resolución de este caso dependerá principalmente del testimonio de Genaro López. Declaró éste que en la fecha de los sucesos hacía poco más de un año que había seducido una hija de Monroig y que desde entonces no se hablaban; que el día de autos, entre 7:30 y 8 de la noche, fué Monroig a la casa de López y al llegar a la puerta le dijo: "López, tengo que hablar con usted," contestándole éste, "Suba"; que en ese preciso instante le dispararon un tiro desde la puerta e inmediatamente después oyó cuatro detonaciones más, resultando López con una herida en el pecho; que corrió hacia el interior de la casa y cogiendo un cuchillo que tenía en una tablilla, fué abajo, agarrándose entonces con Monroig, a quien produjo ciertas heridas. Al preguntársele quién le hizo los disparos, manifestó López que cree fué Monroig, pero luego expresa cierta duda porque según él había algunos vecinos frente a su casa en aquellos momentos y como estaba oscuro no pudo ver quién le atacó; que él luchó con Monroig porque lo consideraba su único posible enemigo. Tanto de la declaración de López como de la de los demás testigos surge claramente el propósito de todos de exonerar a Monroig sembrando la duda sobre la identidad de la persona que portaba el arma al hacerse los disparos. Por consiguiente, debemos analizar la declaración de López a la luz de las circunstancias concurrentes, a fin de determinar si no obstante su propósito de defender a Monroig, se ha probado la culpabilidad del acusado fuera de duda razonable. No existe controversia alguna en cuanto a que fué Monroig la persona que llegó a la casa de López; que López, como hemos visto, lo consideraba el "único enemigo que podría tener", y esta creencia, como hemos visto, no estaba desprovista de fundamento. De suerte que existía un móvil para el ataque a López

por parte de Monroig. Sin embargo, López, a pesar de que los disparos se hicieron en la puerta de su casa en los momentos en que él y Monroig cambiaban palabras, no puede asegurar que fuese éste el agresor, simplemente porque estaba oscuro. Ahora bien, habida cuenta de la enemistad existente entre ellos, es lógico suponer que al presentarse Monroig en la casa de López después de un año de no dirigirle la palabra y hablarle en la forma en que lo hizo, López no habría de esperar una conferencia amistosa, y debió fijar toda su atención en los movimientos de Monroig. Siendo ello así, habiéndose hecho los disparos tan cerca de él y frente a él, ya que la herida la recibió en el pecho, necesariamente tuvo que ver los fogonazos, y viéndolos, advertir si fué o no Monroig quien los hiciera.

En el caso de *Pueblo* v. *Delerme,* 51 D.P.R. 519, se dijo por este Tribunal:

"Alvarado declaró que el acusado hizo un disparo de pistola, pero luego dice que no lo había visto disparar. Si uno se encuentra cerca de una persona puede darse cuenta por la detonación de que esa persona ha hecho un disparo. Además, como sugiere el fiscal, el testigo pudo haber estado tratando de proteger a un amigo. El apelante no niega que hubiese disparos, pero insiste en que nadie pudo saber quién los hizo. La situación física y la evidencia circunstancial tendieron a demostrar que Alvarado y el apelante estaban presentes en el lugar donde se hicieron los disparos. Entonces la corte podría llegar a la conclusión de que no fué Alvarado el que disparó y por eliminación que fué el acusado el que lo hizo."

Que lo vió López y que le consta que fué Monroig quien le atacó, lo demuestra su propia conducta al repeler la agresión con un cuchillo y luchar con Monroig por espacio de quince o veinte minutos, así como al manifestar poco después al testigo Antonio Ramos que fué Monroig quien lo hirió. Por otra parte, la oscuridad que allí reinaba no debió ser tan intensa cuando a pesar de la prisa y de la consiguiente turbación del momento pudo López encontrar inmediatamente el cuchillo que buscaba. Las demás personas que estaban fuera de la casa eran, según López, vecinos suyos, y nada

revela que pudieran tener interés alguno en hacerle daño, lo que disipa cualquier duda que pudiera surgir con respecto a ellos.

No siendo López quien se produjo la herida de bala, necesariamente debió ser su suegro el apelante, y para inferirla, tuvo que portar el arma.

La circunstancia de que los testigos de cargo manifiesten el propósito de exonerar de responsabilidad al acusado, no releva a la corte del deber de sentenciarlo si de la prueba y circunstancias concurrentes surge su culpabilidad fuera de duda razonable.

El hecho de que la corte sentenciadora haya absuelto al acusado del delito de infracción a la ley sobre registro de armas, que también le fué imputado, no es motivo suficiente para absolverlo de éste, toda vez que desconocemos las razones que la movieron a dictar aquella sentencia. Tampoco nos impresiona el que López declare que mientras luchaba cuerpo a cuerpo con Monroig después de los disparos, no vió revólver o pistola alguna en las manos de éste, pues aparte de su evidente propósito de exonerarlo de responsabilidad, de poco o nada servía el arma a Monroig luego de disparadas las balas, por lo cual nada de particular tiene que se hubiere desprendido de ella o la hubiera ocultado después de usarla.

*Procede por lo expuesto confirmar la sentencia apelada.*

El Juez Asociado Sr. Todd, Jr., no intervino.