EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARTURO MEDINA ASCENCIO, acusado y apelante.

Núm. 10281.—*Sometido:* Diciembre 16, 1943. *Resuelto:* Febrero 9, 1944.

*Juan Nevares Santiago,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Arturo Medina fué denunciado ante la corte municipal por portar un arma prohibida en violación de la Ley núm. 14, Leyes de Puerto Rico, 1924 ((2) pág. 115), Sesión Extraordinaria. En apelación ante la corte de distrito, fué nuevamente convicto y sentenciado a treinta días de cárcel. El caso se encuentra ante nos en apelación contra dicha sentencia.

El apelante señala dos errores: (1) existía una duda razonable en cuanto a su culpabilidad, y la corte de distrito, por lo tanto, cometió error al declararlo culpable; (2) la corte inferior cometió error al no declarar que el acusado portaba el arma "en ocasión de su trabajo y mientras lo desempeñaba". Como los dos errores alegados se refieren a la suficiencia de la prueba, los discutiremos conjuntamente.

Miguel Serrano, policía insular, declaró que había sorprendido al apelante y a varios jugando "a la orilla del camino" un juego conocido por Monte, y que el apelante tenía un cuchillo en la mano. Durante el contrainterrogatorio y el interrogatorio redirecto, contestó, de manera confusa y contradictoria, preguntas sobre si el acusado fué detenido con el cuchillo en sus manos mientras se encontraba en el solar de su casa o en el camino.

Sin embargo, Santos Almodóvar, otro policía, claramente declaró que el episodio sucedió en el camino público como a las 10:30 p.m. Agregó que cuando la policía llegó, el acusado tiró el cuchillo al suelo.

El apelante llamó a Serrano como testigo suyo, y éste declaró sobre la buena reputación de aquél en la comunidad. Sobre los hechos ofreció sólo su propia declaración al efecto de que el día en cuestión regresaba después de desempeñar su ocupación diaria de cortar yerba para las vacas de un tal Lino Cepeda; que cuando llegó al frente de su casa, la policía acababa de detener a varios hombres que estaban jugando y también lo arrestaron a él; que el cuchillo fué ocupado en su persona mientras se hallaba en el solar de su casa, adyacente al sitio de la jugada.

La prueba del fiscal, de ser creída por la corte inferior era suficiente para justificar una convicción por el delito imputado. En ausencia de pasión, prejuicio o parcialidad, o error manifiesto, aceptamos el criterio de la corte inferior al resolver conflictos en la prueba como los que encontramos en este caso. (*Pueblo* v. *Díaz,* 62 D.P.R. 499).

El hecho de que uno de los testigos del fiscal vacilara al declarar sobre el lugar del delito no creó, por sí mismo, una duda razonable que como cuestión de derecho nos obligue a revocar la sentencia de culpabilidad (Véase *Pueblo* v. *Monroig,* 58 D.P.R. 102; *Pueblo* v. *Delerme,* 51 D.P.R. 519).

De la misma manera, de toda la prueba y de las circunstancias concurrentes, no surge error que dé lugar a la revocación de la sentencia de la corte de distrito en cuanto a que, como cuestión de hecho, cuando se arrestó al acusado éste no portaba el cuchillo "por razón de o mientras desempeñaba" su empleo.

*La sentencia de la corte de distrito será confirmada.*