EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO DELERME, acusado y apelante.

Núm. 6235.—*Sometido:* Marzo 30, 1937. *Resuelto:* Mayo 7, 1937.

*L. Serbiá Córdova* y *P. Pérez Pimentel,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Se trata de una apelación interpuesta contra una sentencia condenatoria por el delito de portar un arma prohibida. El único señalamiento de error es en efecto que el apelante, tanto sobre los hechos como en derecho, fué indebidamente declarado culpable del referido delito. El apelante está en lo cierto al sostener que sólo hubo un testigo, Alvarado, que prestó declaración directa tendente a condenarle y que éste se contradijo a sí mismo. Alvarado declaró que el acusado

hizo un disparo de pistola, pero luego dice que no lo había visto disparar. Si uno se encuentra cerca de una persona puede darse cuenta por la detonación de que esa persona ha hecho un disparo. Además, como sugiere el fiscal, el testigo pudo haber estado tratando de proteger a un amigo. El apelante no niega que hubiese disparos, pero insiste en que nadie pudo saber quién los hizo. La situación física y la evidencia circunstancial tendieron a demostrar que Alvarado y el apelante estaban presentes en el lugar donde se hicieron los disparos. Entonces la corte podría llegar a la conclusión de que no fué Alvarado el que disparó y por eliminación que fué el acusado el que lo hizo. Momentos antes de dictar sentencia, la corte dijo que, considerando las declaraciones de los testigos en sus diferentes modalidades de expresión, había llegado al convencimiento de que el acusado cometió el delito imputádole.

Existe otro punto. La prueba tendió a demostrar que el acusado se encontraba en la escena del tiroteo y pudo haber hecho el disparo. Él no se conformó con negar simplemente que hubiese disparado. Tanto él como otros testigos trataron de establecer una coartada, que de ser cierta, le hubiese situado en un lugar distinto al en que ocurrieron los hechos. La corte evidentemente no le dió crédito a este testimonio y su presentación y la tentativa de obtener una absolución por virtud del mismo pudo y puede que haya sido considerada por la corte sentenciadora como una circunstancia en su contra. Si la corte estaba claramente convencida de que la evidencia fué fabricada, pudo aun haberla considerado como una admisión implícita de su culpabilidad. Nota al caso de *State* v. *Danelly,* 107 S. E. 149 en 14 Am. Law Rep. Ann. 1420, *et seq.*

*Todas estas consideraciones sostienen la sentencia de la corte inferior, la cual debe por lo tanto ser confirmada.*