EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARIO MOREU PÉREZ, FRANCISCO GONZÁLEZ PÉREZ, acusados y apelantes.

*Número:* CR-67-51          *Resuelto:* 16 de mayo de 1968

*Yamil Galib Frangie,* abogado de los apelantes; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Ramírez Bages emitió la opinión del Tribunal.

Los apelantes, Mario Moreu Pérez y Francisco González Pérez, fueron acusados y convictos del delito contra natura en la persona de una joven de catorce años. Apuntan que el tribunal de instancia incidió (1) al privar a los apelantes de comprobar si el veredicto del jurado fue rendido por lo menos por nueve de sus miembros; (2) al no inquirir del jurado la razón de su solicitud de volver a Sala y ordenarle retirarse a almorzar y luego continuar deliberando; (3 y 4) también apuntaron que el fallo es contrario a la prueba y que ésta era insuficiente para vencer la presunción de inocencia; y (5) al instruir al jurado que si concluían que la prueba de coartada era falsa o fabricada, podrían considerarla como una admisión implícita de culpabilidad de los apelantes.

■ 1.—En este caso, siguiendo la práctica que aprobamos en *Pueblo* v. *Wilfredo Brunet Justiniano* (Sentencia de 27 de octubre de 1967), bajo la Regla 151 de las de Procedimiento Criminal, el juez sentenciador, al solicitarse la comprobación del veredicto le preguntó a cada jurado si le constaba que concurrieron por lo menos nueve de ellos para condenar a lo cual cada uno respondió que sí.

■ 2.—Traído el jurado a Sala al oírse sonar su timbre y comprobado que era el mismo que estaba completo, el juez sentenciador le preguntó si habían llegado a un veredicto. Al contestar el Presidente del Jurado que no, dicho juez ordenó que siendo las doce y siete de la tarde procediese el jurado a almorzar para luego continuar sus deliberaciones hasta llegar a un veredicto indicándoles que volvería a darle instrucciones si las desearen.

Se arguye que debió preguntarse al jurado para qué solicitó volver a Sala.

Nada encontramos en este incidente que demuestre la comisión de algún error perjudicial. *Greenburg* v. *City of Steubenville*, 72 N.E.2d 125 (Ohio 1945).

■ 3 y 4.—La perjudicada testificó que cada uno de los apelantes tuvo contacto carnal con ella por el recto y explicó las circunstancias bajo las cuales esto ocurrió. El médico que la examinó testificó que el estado lesionado de este orificio demostraba que había habido alguna penetración por el mismo. La prueba contiene todos los elementos necesarios para una convicción y de ser creída, como lo fue por el jurado, era suficiente aunque el testimonio de la perjudicada no fuese corroborado ya que el delito de contra natura está excluido del requisito de corroboración. Regla 154 de las de Procedimiento Criminal.

■ 5.—Con respecto a la defensa de coartada, el juez de instancia primeramente instruyó al jurado sobre lo que es una coartada y que no tiene que probarse fuera de toda

duda razonable sino que si levanta una duda razonable de que el acusado haya podido estar en el lugar en que ocurrieron los hechos debe absolverse y que "si tuvieren duda sobre la coartada . . . el beneficio de la duda siempre hay que dárselo a los acusados y vendrían ustedes [el jurado] obligados a declararlos no culpables." Después de haber terminado de dar sus instrucciones al jurado, el juez sentenciador añadió que "Al definir la teoría de coartada olvidé decirles que de ustedes estar convencidos que la evidencia aportada por uno o ambos de los acusados como coartada, es falsa y fue fabricada con el propósito de eludir una convicción, pueden considerarla como una admisión implícita de la culpabilidad de ese acusado o de ambos si la situación fuese idéntica para ambos acusados."

En *Pueblo* v. *Delerme*, 51 D.P.R. 519 (1937), dijimos que de estar el tribunal claramente convencido de que la evidencia (de coartada) fue fabricada, pudo aun haberla considerado como una admisión implícita de su culpabilidad. Esta norma se basó en la jurisprudencia imperante sosteniendo instrucciones al jurado en esos extremos. *Jackson* v. *State*, 145 So. 656 (Ala. 1933); *State* v. *Rochelle*, 72 S.E. 481 (N.C. 1911); *State* v. *Manning*, 54 A. 181 (Vt. 1903). Recientemente se ha dictaminado que considerada una instrucción similar dentro de la totalidad de la instrucción sobre la defensa de coartada, la misma no constituye error perjudicial. *State* v. *Johnson*, 14 N.W.2d 420 (S.D. 1944). Sin embargo, otras jurisdicciones han dictaminado que constituye error perjudicial, que justifica la revocación de una sentencia de culpabilidad, el que el tribunal, en sus instrucciones (1) desacredite o menosprecie la defensa de coartada; (2) informe que el haber tratado sin éxito de establecer una coartada es una circunstancia a considerarse en contra del acusado; o (3) instruya al jurado que de no creer el testimonio del testigo de defensa de que el acusado estaba en su trabajo cada día a la hora del crimen, el jurado debiera,

natural y lógicamente, aceptar el testimonio de los testigos del Estado identificando al acusado como el ladrón. *State* v. *Wilson*, 57 N.W.2d 412 (Minn. 1953); *State* v. *Johnson*, 17 N.W.2d 345 (S.D. 1945); *People* v. *Rabinowitz*, 49 N.E.2d 495 (N.Y. 1943).

Nos parece que el razonamiento en que se apoya la norma que rechaza la instrucción en cuestión es más razonable y se justifica que la adoptemos en esta jurisdicción. La prueba de coartada no tiene que establecer, fuera de duda razonable que era imposible que el acusado hubiese cometido el delito. La coartada no tiene que probarse más allá de duda razonable. Sólo constituye prueba que tiende a establecer que el acusado no cometió el delito o a crear una duda en la mente del jurado con respecto a su culpabilidad. De manera que el no darle crédito al testimonio sobre coartada prestado por los testigos del acusado no constituye una admisión implícita de la comisión del delito. El jurado puede concluir que la prueba de coartada no es creíble por distintas razones, por ejemplo, porque duda de la exactitud de lo recordado por un testigo o porque considera su testimonio inherentemente improbable o que no merece ser creído por haber sido impugnado o por cualquier otra razón. Al mismo tiempo puede no darle crédito a la prueba de cargo por una o más de tales razones y en tal virtud puede concluir que el acusado no es culpable del delito del cual se le acusa. Obviamente la instrucción en cuestión limita indebidamente el libre ejercicio de este juicio por el jurado. De prevalecer la instrucción impugnada, un acusado se vería seriamente limitado en sus medios de defensa ante el riesgo de que el rechazo de su prueba de coartada constituye una admisión de culpabilidad. Se sentiría limitado a no ofrecerla excepto en el caso excepcional en que la prueba de coartada sea tan concluyente que no se puede dejar de creer.

En vista de lo expuesto, concluimos que la instrucción

en cuestión es improcedente y constituye un error sustancialmente perjudicial a los derechos del acusado.

*Por lo tanto, se revocarán las sentencias dictadas en este caso y se devolverá el mismo para la celebración de un nuevo juicio.*

El Juez Presidente Señor Luis Negrón Fernández no intervino.