EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERARDO CRUZ JIMÉNEZ, ZENÓN HIRALDO JIMÉNEZ y EULOGIO ORTIZ VERDEJO, acusados y apelantes.

*Número:* CR-62-206    *Resuelto:* 14 de enero de 1971

*Santos P. Amadeo,* abogado del apelante Eulogio Ortiz Verdejo; *Gilberto Gierbolini, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Un jurado declaró culpable al peticionario y a otros dos coacusados del delito de asesinato en primer grado. Apelaron de la sentencia que les condenó a sufrir reclusión perpetua y en 25 de enero de 1963, las confirmamos. *Pueblo* v. *Cruz Jiménez,* 87 D.P.R. 133 (1963).

La teoría de defensa del coacusado Ortiz Verdejo fue la coartada. Como el juicio se celebró en junio de 1960, el tribunal sentenciador instruyó al jurado en el sentido de que si entendían que la teoría y prueba de la coartada era el producto de una fabricación, esto es, que no era legítima podían interpretar que tal teoría y prueba constituía una admisión implícita de culpabilidad. Desde el año 1937 este Tribunal había impartido su aprobación a esta instrucción. *Pueblo* v. *Delerme*, 51 D.P.R. 519 (1937). Véase, además *Pueblo* v. *Díaz*, 74 D.P.R. 375 (1953).

En el año 1964, o sea, varios años después de celebrarse el juicio contra *Ortiz Verdejo y otros*, ratificamos la doctrina del caso de *Delerme*, respecto a la fabricación de prueba sobre coartada. *Pueblo* v. *Rodríguez Hernández*, 91 D.P.R. 183 (1964). Ortiz Verdejo no impugnó la referida instrucción durante el juicio ni ante este Tribunal en su recurso de apelación.

En el caso de *Pueblo* v. *Moreu Pérez*, 96 D.P.R. 60 (1968), resuelto en 16 de mayo de 1968, rechazamos la susodicha instrucción sobre coartada. Revocamos así nuestra jurisprudencia, abandonando la doctrina que sostienen algunos estados sobre el particular y adoptamos por vez primera la doctrina contraria sostenida en otras jurisdicciones.

Ortiz Verdejo nos pide ahora que demos aplicación retroactiva a la doctrina de *Moreu Pérez* y la apliquemos a su caso. [1]

Aunque la nueva doctrina del caso de *Moreu Pérez* la aplicamos a los hechos del propio caso de *Moreu Pérez*, dándole así efecto retroactivo a dicha doctrina ello no implica que la retroactividad ha de extenderse a todos los casos ya resueltos finalmente.

---

[1] En febrero de 1964, Ortiz Verdejo radicó ante este Tribunal un recurso de *habeas corpus* atacando la legalidad de la sentencia impuéstale, entre otros motivos, por constituir un error de dimensiones constitucionales, la trasmisión al jurado de la instrucción sobre coartada fabricada.

"De prevalecer la instrucción impugnada," dijimos en *Moreu Pérez* "un acusado se vería seriamente limitado en sus medios de defensa ante el riesgo de que el rechazo de su prueba de coartada constituye una admisión de culpabilidad. Se sentiría limitado a no ofrecerla excepto en el caso excepcional en que la prueba de coartada sea tan concluyente que no se puede dejar de creer."

Uno de los criterios más relevantes, aunque no exclusivo, para determinar la aplicación retroactiva de una nueva regla de derecho o doctrina jurisprudencial, es el propósito que persigue la nueva regla. *Linkletter* v. *Walker*, 381 U.S. 618, 14 L.Ed.2d 601; *Tehan* v. *United States*, 382 U.S. 406, 15 L.Ed. 453; *Johnson* v. *New Jersey*, 384 U.S. 719, 16 L.Ed.2d 882; *Stovall* v. *Denno*, 388 U.S. 293, 18 L.Ed.2d 1199; *De Stefano* v. *Woods*, 392 U.S. 631, 20 L.Ed.2d 1308; *Desist* v. *United States*, 394 U.S. 244, 22 L.Ed.2d 248; *Halliday* v. *United States*, 394 U.S. 831, 23 L.Ed.2d 16.

Obviamente el propósito de la nueva doctrina de *Moreu Pérez* no se logra dándole efecto retroactivo. Más bien se logran sus propósitos aplicándolos a aquellos casos en que el juicio se celebre después del 16 de mayo de 1968. Otros criterios usados para determinar la retroactividad de una nueva doctrina, son el "reliance (confianza) de la vieja regla" y el efecto de la nueva regla en la administración de la justicia. Por más de treinta años este Tribunal estuvo sosteniendo la procedencia y corrección de la instrucción sobre la coartada fabricada y durante todo ese tiempo se ha estado trasmitiendo al jurado esa instrucción cuando la defensa ha sido la coartada. No conocemos de caso alguno en nuestra jurisdicción en que un acusado se haya abstenido de valerse de la defensa de coartada por temor a la susodicha instrucción. Por el contrario, con mucha frecuencia han llegado hasta este Tribunal en grado de apelación, casos en que los acusados han utilizado la defensa de coartada.

■ Como bien apunta el Procurador General, consistentemente hemos aplicado prospectivamente las nuevas normas o doctrinas jurisprudenciales adoptadas en los últimos años. *Pueblo v. Serrano Olivo,* 93 D.P.R. 745 (1966) ; *Rivera Escuté v. Jefe Penitenciaría,* 92 D.P.R. 765 (1965) ; *Pueblo v. Natal Rojas,* 93 D.P.R. 844 (1966) ; *Pueblo v. Vélez Santiago,* 95 D.P.R. 619 (1967) ; *Pueblo v. Ramos Cruz,* 84 D.P.R. 563 (1962) ; *Pueblo v. Adorno Lorenzana,* 93 D.P.R. 788 (1966).

Por otro lado, los hechos de este caso no justifican que por vía de excepción le apliquemos retroactivamente la doctrina de *Moreu Pérez.* Al negarnos a hacerlo no consagramos un extravío de la justicia. Respecto a las circunstancias y naturaleza de la prueba que consideró el jurado nos remitimos a lo ya expuesto en la opinión emitida al resolverse el recurso de apelación interpuesto por el aquí peticionario.

Por los motivos expuestos *se declarará sin lugar el escrito titulado "Moción de Naturaleza de Coram Nobis, Habeas Corpus, o Anulación de Sentencia".*

El Juez Presidente, Señor Negrón Fernández y el Juez Asociado, Señor Santana Becerra, no intervinieron. El Juez Asociado Señor Dávila, disintió.

