EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROGELIO VÉLEZ FELICIANO, acusado y apelante.

*Número:* CR-70-119      *Resuelto:* 25 de septiembre de 1972

*José Ángel Cangiano,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Bienvenido Vélez Coello, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue acusado y convicto por un tribunal de derecho de varias infracciones a la Ley de Narcóticos. Se le condenó a cumplir concurrentemente de 5 a 10 años de presidio por cada infracción. En apelación levanta el siguiente único error:

"Erró el Tribunal sentenciador al no tomar en consideración y apreciar debidamente la prueba y la defensa de coartada invocada por el apelante, máxime cuando la misma no fue controvertida y concluyentemente demostraba la imposibilidad física de que el apelante hubiese podido estar en Guánica para las fechas en que se imputan los delitos."

La prueba de cargo del único testigo que declaró que presenció los hechos delictivos consiste de la declaración del agente encubierto. Este declaró que para marzo de 1969 estaba destacado en el área de Ponce. Al preguntársele por el fiscal que cuál era su misión para esa fecha contestó: "Comprar drogas." Declaró que el 22 de dicho mes y año estaba en Guánica; que estaba en compañía de un adicto a drogas a quién identificó como "el Gordo" pero de quién no sabía ni el nombre ni la dirección; que iba con el propósito de buscar a uno que vendía marihuana "y no lo encontramos." Entonces el Gordo le dijo "ya que estamos aquí, yo conozco un Quito Vélez que vende bolsas de heroína."

Continuó declarando el agente encubierto que fueron a la residencia de Vélez y éste no estaba en su casa; que siguie-

ron hasta un negocio en donde se detuvieron; que al llegar allí el Gordo señalo e identificó a Quito Vélez; que el Gordo los presentó y allí el agente le compró un sobre de heroína a Vélez por $6.00. La supuesta transacción tuvo lugar como a las 4:20 de la tarde de ese día 22 de marzo de 1969.

También declaró el agente encubierto que volvió a ver a Vélez el 29 del mismo mes y año, en la residencia de éste en Guánica. Declaró que fue a casa de Vélez y que allí, en el balcón de la casa, a las 12:15 del día, Vélez le vendió otra bolsa de heroína. Cita a Vélez en el sentido de que luego de entregarle la droga aquél le dijo al agente que se fuera "que no quería que supieran que él estaba vendiendo drogas."

Leídas las acusaciones el apelante notificó oportunamente su intención de invocar la defensa de coartada. Regla 74 de Procedimiento Criminal. También renunció al juicio por jurado.

La prueba de defensa tendió a demostrar que los dos días aquí concernidos, el 22 y el 29 de marzo, el apelante asistió a su trabajo con la firma Fluor Western Inc. en Peñuelas. El apelante almorzaba de 12:00 a 1:00 P.M. en el lugar del trabajo. Al terminar la jornada de trabajo llegaba a su casa cerca de las 5:00 P.M. El hijo del apelante, quién también trabajaba con el mismo patrono y quién también vivía en Guánica, declaró que él llevaba y traía al apelante de su casa al trabajo en su automóvil. Declaró que el 22 y el 29 de marzo el apelante asistió a su trabajo. El apelante declaró que el viaje de su casa al trabajo tomaba como una hora.

También declaró John Giberson, Gerente de Oficina y Nóminas de Fluor Western Inc. Se admitieron en evidencia dos tarjetas y dos hojas de pago (*pay statement*) y los sobres de pago, correspondientes a las dos semanas en que se imputan los hechos. Giberson declaró que para el 22 y el 29 de marzo de 1969 la firma tenía un empleado de nombre Rogelio Vélez Feliciano; que el 22 de marzo trabajaron de 7 a 4; que de las 12 a la 1 es la hora de almuerzo. Declaró

que el 22 de marzo según las mencionadas tarjetas y hojas, Rogelio Vélez Feliciano trabajó en la Fluor Western; que trabajó 8 horas, de 7:00 A.M. hasta las 4 de la tarde.

También declaró que el 29 de marzo de 1969 el apelante trabajó con dicha compañía; que trabajó 8 horas, de 7 a 4 de la tarde; que a Rogelio Vélez se le pagó el sábado a base de tiempo y medio las primeras cuatro horas y a tiempo doble las segundas cuatro.

■ Las tarjetas de pago—una para cada día—presentadas en evidencia, tienen fecha de 22 y 29 de marzo de 1969. Las hojas de pago, que son formularios preparados por máquinas de contabilidad, tienen el nombre de Rogelio Vélez Feliciano y las fechas de 23 y 30 de marzo de 1969, fecha que cierra el período semanal que cubre cada una de esas hojas de pago. Estos cuatro documentos de la firma Fluor Western Inc. demuestran que el apelante recibió paga extraordinaria por la jornada de trabajo de esos dos días antes mencionados. Dicha prueba documental fue preparada por un tercero ajeno a este caso—el patrono del apelante—en el curso normal de sus operaciones, como mes y medio antes de que el apelante fuese acusado de los delitos que se le imputan. Dicha prueba documental fue debidamente identificada por el oficial a cargo de la misma y no hay motivo alguno para sospechar que se trata de prueba fabricada.

■ Lo menos que puede decirse es que la prueba de defensa debió plantear y plantea suficientemente un problema de duda razonable. Tal parece que el tribunal de instancia descartó el valor probatorio de la mencionada prueba documental porque el fiscal le preguntó al testigo Giberson si era posible que existiese algún entendido entre un capataz y un empleado para que éste cobrarse sin haber ido a trabajar, y Giberson contestó "puede ser". Desde luego, la mera posibilidad de que se haga tal cosa no demuestra que se hizo, ni siquiera que es probable que se haya hecho. Para demostrar lo

falaz de ese pensamiento basta indicar que es posible que un millón de personas adultas en el país cometan un delito grave cada una en el día de hoy, sin embargo, esa mera posibilidad no justifica que se concluya que eso ha ocurrido. Aunque es posible, no es ni siquiera probable que ocurra. Por el contrario, en relación con la prueba documental presentada la presunción que ordena la Ley de Evidencia es que las transacciones privadas fueron realizadas con rectitud y en debida forma, a menos que se pruebe lo contrario. 32 L.P.R.A. sec. 1887(19). No hubo prueba alguna contraria en ese sentido.

La situación que hemos descrito, creemos, hace forzoso concluir que en este caso surge por lo menos una duda razonable que hace necesario *revocar la sentencia y absolver al acusado:* Véanse *Pueblo* v. *Gautier Oliveras,* 99 D.P.R. 138, 141 (1970); *Pueblo* v. *Moreu Pérez,* 96 D.P.R. 60, 64 (1968). Se dictará sentencia conforme con lo antes expresado.