EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Giselle Datiz Vélez<br>Longino Datiz Tubéns<br>    Demandantes-Peticionarios<br><br>vs.<br><br>Hospital Episcopal San Lucas,<br>et als<br>        Demandados-Recurridos | Certiorari<br><br>2004 TSPR 152<br><br>162 DPR ____ |

Número del Caso: CC-2000-600

Fecha: 22 de septiembre de 2004

Tribunal de Circuito de Apelaciones:

                    Circuito Regional de Ponce-Aibonito

Juez Ponente:
                     Hon. Jorge Segarra Olivero

Abogados de la Parte Peticionaria:

                    Lcdo. Luis Roberto Santos
                    Lcda. Myrta Estrella Nieves Blas

Abogado de la Parte Recurrida:

                    Lcda. Lissette Toro Velez
                    Lcda. Mariela Guadalupe Ithier

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Giselle Datiz Vélez
Longino Datiz Tubéns

    Demandantes-peticionarios

        vs.                CC-2000-600      CERTIORARI

Hospital Episcopal San Lucas,
et als

    Demandados-recurridos

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico a 22 de septiembre de 2004

Los peticionarios, Giselle Vélez y Longino Datiz Tubéns, nos solicitan que revisemos una sentencia emitida por el entonces Tribunal de Circuito de Apelaciones, mediante la cual se confirmó una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Ponce. A través de esta última, el Tribunal de Primera Instancia desestimó una demanda por impericia médica incoada contra los recurridos, Dr. Edilberto Ayala y su esposa, por haberse diligenciado los emplazamientos fuera del término establecido en la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3.

A continuación una relación sucinta de los hechos que dieron lugar al presente recurso, los cuales no están en controversia.

I

El 8 de septiembre de 1997, los aquí peticionarios instaron una demanda ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez, contra el Hospital Episcopal San Lucas, y el Dr. Edilberto Ayala, su esposa y la sociedad legal de gananciales compuesta por ambos. En esencia, reclamaron resarcimiento de los daños por ellos sufridos por la muerte de la Sra. Paita Tubéns, madre y abuela de los peticionarios, ocasionada, alegadamente, por la impericia médica de los demandados. Un día después de presentada la demanda, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, ordenó el traslado del caso al Tribunal de Primera Instancia, Sala Superior de Ponce, por razones de competencia.

El 24 de septiembre de 1997, el Tribunal de Primera Instancia, Sala de Mayagüez, le cursó a la representación legal de los demandantes un memorando sobre incumplimiento de órdenes administrativas y/o reglas; entre otras cosas, se les requirió que sometieran los emplazamientos a ser expedidos, para lo cual se les concedió un término de siete días.

El 29 de septiembre de 1997, el Tribunal de Primera Instancia, Sala de Ponce, envió una comunicación al

Tribunal de Primera Instancia, Sala de Mayagüez, con copia a la representación legal de los demandantes, indicando que habían recibido el expediente de autos el 26 de septiembre de 1997. El 4 de diciembre de 1997, el Tribunal de Primera Instancia, Sala de Mayagüez, remitió otro memorando a la Sala de Ponce sobre la devolución de los emplazamientos del caso.

El 11 de diciembre de 1997, los demandantes presentaron ante la Sala Superior de Mayagüez los formularios de emplazamientos para que los mismos fueran expedidos por la Secretaría del Tribunal; dicha moción fue referida a la Sala de Ponce. El 9 de enero de 1998, la Sala Superior de Ponce, emitió una resolución ordenando la expedición de los emplazamientos solicitados. Ese mismo día se expidieron.

El 21 de mayo de 1998, se entregaron a un emplazador los emplazamientos del Dr. Edilberto Ayala y su esposa, los cuales fueron diligenciados el 26 de mayo de 1998. El 14 de agosto de 1998, los demandados radicaron una moción solicitando la desestimación de la demanda porque los emplazamientos fueron, alegadamente, diligenciados fuera del término establecido en la Regla 4.3(b) de las de Procedimiento Civil, ante, privando al tribunal de su jurisdicción sobre la persona de los demandados. Fundamentaron dicha posición en Monell Cardona v. José E. Aponte, 146 D.P.R. 20 (1998).

El 15 de enero de 1999, previa oposición de los demandantes[1], el Tribunal de Primera Instancia, Sala de Ponce, emitió una sentencia parcial en la que determinó que procedía la desestimación solicitada, porque los emplazamientos fueron diligenciados fuera del término de seis meses sin que mediara justa causa.

Inconformes, el 25 de marzo de 1999, los demandantes recurrieron ante el entonces Tribunal de Circuito de Apelaciones. Éste confirmó el dictamen parcial emitido por el Tribunal de Primera Instancia.[2] La solicitud de reconsideración fue denegada.

Oportunamente, los demandantes acudieron ante este Tribunal. En síntesis, alegan que erró el Tribunal de Apelaciones al confirmar la sentencia parcial emitida por el Tribunal de Primera Instancia, Sala de Ponce, por incumplimiento con la Regla 4.3(b) de Procedimiento Civil, y desestimar la causa de acción en cuanto al Dr. Edilberto Ayala Almodóvar. En apoyo a su contención, aducen que emplazaron oportunamente a los codemandados toda vez que el

---

[1] En su Oposición a la Moción de Desestimación los demandantes expusieron, en lo pertinente que: 1) al radicar la demanda ante la Sala de Mayagüez se emitieron los emplazamientos del caso de epígrafe; 2) los demandantes radicaron una moción informando al tribunal que el emplazador había indicado que los emplazamientos se habían extraviado; 3) el 9 de enero de 1998, el tribunal ordenó emitir otro juego de emplazamientos, los cuales sirvieron para emplazar a los demandados.

[2] El Juez Negroni Cintrón, miembro del Panel del Tribunal de Circuito de Apelaciones que atendió el caso, emitió Opinión disidente en la cual rechazó la aplicación retroactiva de la doctrina establecida en Monell Cardona v. José Aponte, ante.

extravío de los emplazamientos originales solicitados a la Sala de Mayagüez constituye justa causa para extender el período de diligenciamiento de los mismos. Por otra parte, afirma que lo resuelto en Monell Cardona v. José E. Aponte, *ante*, no debe aplicarse retroactivamente al caso de autos.

El 22 de diciembre de 2000 expedimos el recurso. Contando con la comparencia de las partes y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.


                              II

El emplazamiento, mecanismo procesal por el cual el tribunal adquiere jurisdicción sobre la persona del demandado, tiene raigambre constitucional, en virtud del debido proceso de ley. Quiñones Román v. Compañía ABC H/N/C Supermercado, res. el 31 de octubre de 2000, 2000 TSPR 160; First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998); Peguero y otros v. Hernández Pellot, 139 D.P.R. 487, 494 (1995); Lanzó Llanos v. Banco de la Vivienda, 133 D.P.R. 507 (1993); Reyes v. Oriental Fed. Savs. Bank, 133 D.P.R. 15 (1993). Su propósito consiste en lograr que el demandado tenga conocimiento de la acción judicial llevada en su contra, de manera que pueda comparecer, ser oído y defenderse. Industrial Siderúrgica, Inc. v. Thyssen Steel Caribbean, Inc., 114 D.P.R. 548 (1983); Reyes v. Oriental Fed. Savs. Bank, 133 D.P.R. 15 (1993); First Bank of P.R. v. Inmob. Nac., Inc., *ante*.

Los requisitos contemplados en la Regla 4 de Procedimiento Civil, *ante*, son de estricto cumplimiento; su inobservancia priva al tribunal de su jurisdicción sobre la persona del demandado. Rodríguez v. Nasrallah, 118 D.P.R. 93 (1986); Banco Metropolitano v. Berríos, 110 D.P.R. 721 (1981); Chase Manhattan Bank v. Polanco Martínez, 131 D.P.R. 530 (1992); First Bank of P.R. v. Inmob. Nac., Inc., *ante*; Quiñones Román v. Compañía ABC, *ante*.

Son pertinentes a este recurso las Reglas 4.1 y 4.3 de Procedimiento Civil, *ante*, las cuales disponen:

**Regla 4.1 de Procedimiento Civil**

Presentada la demanda, el secretario expedirá inmediatamente un emplazamiento y lo entregará al demandante o a su abogado. A requerimiento del demandante, el secretario expedirá emplazamientos individuales o adicionales contra cualesquiera demandados.

**Regla 4.3 (b) de Procedimiento Civil**

(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio.

Tanto el Tribunal de Primera Instancia como el Tribunal de Circuito de Apelaciones entendieron que Monell Cardona v. Mun. de Carolina, *ante*, constituía la norma aplicable a la controversia de autos. En esa oportunidad este Foro enfatizó que, como trámite ministerial, el

emplazamiento debe expedirse inmediatamente al presentarse la demanda; ello en vista de que:

> No podemos dejar al arbitrio de un demandante o su abogado la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuando (sic) serán expedidos. Equivaldría a injustamente y sin autoridad judicial, extender el período de tiempo que nuestro ordenamiento ha establecido como apropiado para emplazar a una parte. Monell, ante, pág. 25.

Por primera vez en Monell, realizando una interpretación conjunta de las Reglas 4.1 y 4.3(b) de Procedimiento Civil, equiparamos la fecha de la presentación de la demanda con la fecha de la expedición del emplazamiento; como corolario, determinamos que el término de seis meses para diligenciar el emplazamiento comienza a decursar a partir del momento en que se presenta la demanda, y no desde la fecha en que los emplazamientos son expedidos como específicamente establece la Regla 4.3(b).

En numerosas oportunidades, nos habíamos expresado en torno a la Regla 4.3(b) de Procedimiento Civil, pero nuestros pronunciamientos se habían centralizado en relación con la concesión de prórrogas para ampliar el término de seis meses. Véase: First Bank of P.R. v. Inmob. Nac., Inc., ante; López v. Porrata-Doria, 140 D.P.R. 96 (1996); In re Fernández Torres, 122 D.P.R. 859 (1988); Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Banco Metropolitano v. Berríos, ante; Lugo Rodríguez v. Municipio de Bayamón, 111 D.P.R. 679 (1981).

Pese a que Monell constituye el estado de derecho actual, merece especial atención el hecho de que en el caso hoy ante nuestra consideración, los diligenciamientos de los emplazamientos se llevaron a cabo con antelación al caso de Monell, ante. Resulta harto conocido que, para ese entonces, imperaba una interpretación ceñida a la letra de la Regla 4.3(b) de Procedimiento Civil. Así lo reconocimos en Monell:

> Si bien la Regla 4.1, ante, impone al Secretario del Tribunal esa obligación de expedir **inmediatamente** los emplazamientos, por décadas en la práctica diaria dicho deber ministerial se canaliza y está sujeto a que el demandante o su abogado los preparen y sometan a la Secretaría para que allí sean fechados, firmados y sellados por el Secretario, y claro está, entregados al presentante. (Énfasis en el original.) Monel Cardona v. Municipio de Carolina, ante, pág. 25.

Debido a que los demandantes descansaron en la interpretación de la Regla 4.3(b) de Procedimiento Civil, vigente al momento de la radicación de la demanda y la expedición de los emplazamientos[3], somos del criterio de que la aplicación retroactiva de Monell al presente caso consagraría una injusticia.

Aun cuando las decisiones que emiten los tribunales, por lo general, tienen efectos retroactivos, --ya que las mismas están relacionadas a eventos ocurridos en el pasado-- este Tribunal tiene discreción para otorgarle a sus decisiones judiciales únicamente efectos prospectivos.

---

[3] La demanda en este caso fue presentada el 8 de septiembre de 1997, los emplazamientos se diligenciaron el 26 de mayo de 1998, ambas fechas son previas a Monell, ya que éste fue decidido el 30 de junio de 1998.

Esto por razón de que "la absoluta retroactividad sería una muerte natural de la seguridad y la confianza pública, y la absoluta irretroactividad sería la muerte del desenvolvimiento del derecho". R. Calderón Jiménez, *Retroactividad o Prosperidad de las Decisiones de los Tribunales,* 53 (Núms. 2-3) Rev. C. Abo. P.R. 107, 115 (1992); Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364-65 (1932).[4]

De hecho, en numerosas ocasiones, le hemos negado efectos retroactivos a nuestras decisiones. Véase: Rexach Const. Co., Inc. v. Mun. de Aguadilla, 142 D.P.R. 85 (1996); Quiles Rodríguez v. Supte. Policía, 139 D.P.R. 272 (1995); Gorbea Vallés v. Registrador, 131 D.P.R. 10 (1992); Walborbg Corp. v. Tribunal Superior, 104 D.P.R. 184 (1975); Pueblo v. Báez Cintrón, 102 D.P.R. 30 (1974); Pueblo v. Cruz Jiménez, 99 D.P.R. 565 (1971); F. Olazábal & Cía. v. Corte, 63 D.P.R. 928 (1944).

Esta facultad debe ejercitarse principalmente en consideraciones de política pública y orden social, puesto

---

[4] En este caso el Tribunal Supremo Federal expresó:
"We think the Federal Constitution has no voice upon the subject. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. Indeed, there are cases intimating, too broadly, that it *must* give them effect; buth never has doubt been expressed that it *may* so treat them if it pleases, whenever injustice or hardship will thereby be averted… The choice for any state may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature". (Énfasis en el original y cita omitida.)

que nuestro norte debe ser "conceder remedios justos y equitativos que respondan a la mejor convivencia social". Gorbea Vallés v. Registrador, *ante*, págs. 16-18.

Los criterios rectores para determinar la retroactividad o prospectividad de una decisión judicial, son: (1) el propósito de la nueva regla a los fines de determinar si su prospectividad lo adelanta; (2) la confianza depositada en el precedente, (3) el efecto que la nueva regla de derecho traerá a la administración de la justicia. Rodríguez v. Supte. Policía, ante, a la pág. 277.

No es necesario, como señala el Tribunal de Apelaciones, que una norma judicial, para tener únicamente efectos prospectivos, debe haberse así hecho constar, de manera expresa, en la opinión del Tribunal mediante la cual se estableció la misma. En varias oportunidades, así lo hemos establecido en decisiones posteriores. A modo de ejemplo, en Gorbea Vallés v. Registrador, *ante*, donde dispusimos que la doctrina sentada en Zarelli[5], tendría efectos prospectivos. La misma línea seguimos en Quiles Rodríguez v. Supte. Policía, *ante*, donde le negamos efecto retroactivo a Díaz Martínez v. Policía de P.R..[6] Véase, además: Walborbg Corp. v. Tribunal Superior, ante; Rivera Escuté v. Jefe de Penitenciería, 92 D.P.R. 765 (1965); Pueblo v. Natal, 93 D.P.R. 844, 845 (1967); Pueblo v. Cruz

---

[5] 124 D.P.R. 543 (1989).

[6] 134 D.P.R. 144 (1993).

Jiménez, 99 D.P.R. 565 (1971); Pueblo v. Báez Cintrón, ante.

En específico, esta no sería la primera vez que este Tribunal determinara que la interpretación dada por éste a una regla procesal tiene únicamente efectos prospectivos. En Lagares Pérez v. E.L.A., 144 D.P.R. 601 (1997), este Foro le impartió efecto prospectivo a nuestra conclusión a los efectos de que la Regla 47 de las de Procedimiento Civil, al no contener expresamente el requisito de cumplimiento jurisdiccional para la notificación de la moción de reconsideración, debía interpretarse que el cumplimiento con la notificación era de cumplimiento estricto. Expresamente expusimos:

> Conforme a lo anterior, pues, resolvemos que, aunque la notificación por el promovente de una moción de reconsideración dentro del término fijado para presentarla no es de carácter jurisdiccional, dicha moción debe notificarse dentro del término referido, y que ello, **prospectivamente**, constituye un requisito de cumplimiento estricto." (Énfasis suplido.) Lagares Pérez v. E.L.A., ante, pág. 619.

Razones de justicia y la confianza depositada por décadas en la letra de la Regla 4.3(b) de Procedimiento Civil, nos inclinan a decidir que Monell, ante, no debe tener efectos retroactivos.[7]

---

[7] Sobre todo cuando consideramos que surge de la sentencia del tribunal inferior que a pesar de que el 9 de septiembre de 1997 la Sala de Mayagüez ordenó el traslado del pleito a la Sala de Ponce, quince días más tarde le concedió a los apelantes siete días para que sometieran los emplazamientos a ser diligenciados. No obstante lo anterior, el referido foro remitió el expediente a la Sala de Ponce antes que venciera el plazo concedido.

No debemos penalizar a los demandantes en su dilación, desestimando su acción, cuando ellos estaban confiando en la rutina jurídica de los tribunales y los abogados amparándose en el estado de derecho entonces vigente. Máxime cuando este Foro es un fiel patrocinador de la política judicial tendiente a que los casos se ventilen en sus méritos. Valentín v. Municipio de Añasco, 145 D.P.R. 887 (1998); Rivera, et als v. Superior Pkg., Inc., 132 D.P.R. 115 (1992); Mercado v. Panthers Military Soc., Inc., 125 D.P.R. 98 (1990); Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664 (1989); Dávila v. Hospital San Miguel, 117 D.P.R. 807 (1986); Maldonado v. Srio. de Recursos Naturales, 113 D.P.R. 494 (1982); Acevedo v. Compañía Telefónica de Puerto Rico, 102 D.P.R. 787 (1974); Ramírez de Arellano v. Secretario de Hacienda, 85 D.P.R. 823 (1962).

Procede en consecuencia, la revocación de la actuación del Tribunal de Apelaciones y la devolución del caso al Tribunal de Instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


                          FRANCISCO REBOLLO LÓPEZ
                          Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Giselle Datiz Vélez
Longino Datiz Tubéns

    Demandantes-peticionarios

        vs.                     CC-2000-600    CERTIORARI

Hospital Episcopal San Lucas,
et als

    Demandados-recurridos

SENTENCIA

San Juan, Puerto Rico, a 22 de septiembre de 2004

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar íntegra de la presente, se dicta Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primer Instancia, Sala Superior de Ponce, para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino. La Juez Asociada señora Fiol Matta inhibida.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo