ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MANUEL PORRO VIZCARRA Y OTROS<br><br>Apelantes<br><br>v.<br><br>ÁREA LOCAL DE DESARROLLO LABORAL DEL NOROESTE, ALDL T/C/C CONSORCIO DEL NOROESTE Y OTROS<br><br>Apelados | KLAN202300315 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Sobre: Cobro de Dinero – Ordinario y Otros<br><br>Caso Número: AG2022CV00909 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Rodríguez Casillas.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de octubre de 2023.

Los abogados Manuel Porro Vizcarra y Eduardo Dávila Carrión nos solicitan la revocación de la *Sentencia Parcial Enmendada* emitida el 13 de marzo de 2023,[1] por el Tribunal de Primera Instancia, Sala de Superior de Aguadilla (TPI). Allí, se declaró *Ha Lugar* la solicitud de desestimación presentada por Área Local de Desarrollo Laboral Noroeste t/c/c/ Consorcio del Norte y otros.

Por los fundamentos que expondremos a continuación, resolvemos **confirmar** la sentencia parcial apelada. Veamos.

**-I-**

El 20 de septiembre de 2022 los abogados Manuel Porro Vizcarra y Eduardo Dávila Carrión (parte apelante o los abogados) presentaron una demanda,[2] por incumplimiento de contrato, cobro de dinero, enriquecimiento injusto, y daños económicos en contra

---

[1] Notificada el 14 de marzo de 2023.
[2] Apéndice 1 de la *Apelación,* págs. 1 – 16.

Número Identificador

SEN2023_____

de Área Local de Desarrollo Laboral Noroeste t/c/c/ Consorcio del Norte, la Sra. Heida Enid Colón Vientós (señora Colón Vientós), su esposo y la Sociedad de Legal de Gananciales compuesta por ambos (SLG), y otros (parte apelada, ALDLN o Consorcio).[3]

El **18 de octubre de 2023**, parte apelada sometió una ***Moción de Desestimación Parcial***,[4] en la que adujo que los abogados otorgaron un contrato de servicios profesionales con ALDLN, por lo que era innecesaria la acumulación de otras partes que nada tienen que ver con el acuerdo contractual. En particular, la inclusión de la señora Colón Vientós, su esposo y la SLG carecen de alegación que justifique su acumulación, dado que las actuaciones de la señora Colón Vientós fueron en el ejercicio de su cargo oficial. Referente al enriquecimiento injusto, el Consorcio adujo que la existencia de un contrato derrota cualquier posibilidad de invocar la doctrina de enriquecimiento injusto. Arguyó que la norma se agrava cuando se trata de contratos gubernamentales, ya que se debía cumplir con los requisitos contractuales y estatutarios. Por consiguiente, procedía la desestimación de la causa de acción contra los co-apelados que no fueron parte contratantes en el acuerdo de servicios profesionales. También, debía desestimarse la acción sobre enriquecimiento injusto por tratarse de un reclamo contractual.

En **oposición a la solicitud de desestimación**,[5] el **7 de diciembre de 2022** los abogados alegaron que en la demanda se presentaron 58 párrafos con suficiente especificidad. También,

---

[3] La parte demandada estaba compuesta por: Área Local De Desarrollo Laboral Del Noroeste a través de su directora ejecutiva, la Sra. Lourdes Ríos Muñiz; La Junta Local De Desarrollo Laboral del Noroeste por medio de su presidente, el Lcdo. Pedro García Morell; La Junta De Alcaldes, compuesta por los alcaldes de los municipios de Aguadilla, Hon. Julio Roldán Concepción y el Mun. De Aguadilla; Aguada, Hon. Christian E. Cortes Feliciano y el Mun. de Aguada; Añasco, Hon. Kabir Solares; Isabela, Hon. Miguel "Ricky" Méndez Pérez y el Mun. de Isabela; Moca, Hon. Angel "Beto" Pérez y el Mun. de Moca; Rincón, Carlos A. López Bonilla y el Mun. de Rincón; San Sebastián, Hon. Javier D. Jiménez Pérez y el Mun. de San Sebastián; la Sra. Heida Enid Colón Vientós, directora de finanzas del ALDL Noroeste, su esposo el Sr. David Medina y la Sociedad de Gananciales compuesta por ellos.
[4] Apéndice 2 de la *Apelación*, págs. 17 – 38.
[5] Apéndice 3 de la *Apelación*, págs. 39 – 53.

adujeron que las razones por las cuales se incluyó a todos los demandados, se debió a las causas de acción y la responsabilidad de los municipios, en caso de que el ALDLN no pudiese responder. Aunque admitieron haber contratado solamente con ALDLN, alegaron que esto no tenía el efecto de inmunizar a los demás codemandados. Por esa razón, no procedía la desestimación contra aquellos co-apelados que no fueron parte del contrato. Con respecto a la inclusión de la señora Colón Vientós, su esposo y la SLG en la demanda, adujeron que las acciones de la co-apelada obstaculizaron la inscripción de los contratos sin justificación. En específico, sus actuaciones ilegales, intencionales, negligentes, culposas y/o contrarias a su deber ministerial. Por lo que, sin ser parte contratante, los co-apelados debían responder. Además, rechazaron la desestimación de la causa de acción sobre enriquecimiento injusto, ya que la parte apelada se enriqueció a expensas de los abogados. Manifestaron, que la norma de cumplimiento con los requisitos gubernamentales, so pena de asumir la responsabilidad, no aplicaba a este caso. Arguyeron que la ALDLN fue quien no presentó los contratos al Contralor, por lo que no incumplieron con los criterios de la contratación gubernamental. Apuntaron que dicho incumplimiento se debió a los actos ilegales de la señora Colón Vientós como Directora de Finanzas del Consorcio. Señalaron que, —de manera ilícita y contrario a las órdenes de su superior— la señora Vientós ocasionó que el Consorcio incumpliera con sus obligaciones contractuales.

Evaluadas las mociones antes dicha, el **23 de diciembre de 2022** el TPI notificó una ***Sentencia Parcial***,[6] en la que desestimó la demanda parcialmente contra la señora Colón Vientós, su esposo y la SLG; además, denegó la causa de acción sobre enriquecimiento

---

[6] Apéndice 4 de la *Apelación,* págs. 54 – 75.

injusto. Razonó que los abogados dejaron de exponer una reclamación que justificara la concesión de un remedio, pues —aun tomando como ciertas las alegaciones sobre la señora Colón Vientós— no se justificaba la concesión de un remedio. En cuanto a la acción sobre enriquecimiento injusto no aplicaba, ya que estaban ante una relación contractual entre ALDLN y los apelantes, por lo cual se ceñían a las cláusulas y leyes sobre este tipo de contratación.

La parte apelada sometió una ***Moción Aclaratoria y/o de Reconsideración sobre Sentencia Parcial***.[7] En síntesis, adujo que, según se desestimó la causa de acción contra la señora Colón Vientós, su esposo y la SLG, se debió desestimar la causa de acción contra la Junta Local de Desarrollo Laboral del Noreste (Junta), ya que tampoco fue parte contratante. Así, el **13 de marzo de 2023** el TPI emitió una ***Sentencia Parcial Enmendada***,[8] en la cual desestimó la causa de acción contra la Junta. Esbozó que: *"[c]omo bien señalaron los codemandados, el contrato de servicios profesionales bajo el cual la parte demandante pretende reclamar fue otorgado exclusivamente con el ALDLN, quien tiene personalidad jurídica y separada de estos organismos"*.[9]

En **13 de abril de 2023** los abogados apelaron ante nos y señalaron los siguientes errores:

> *PRIMER ERROR: ERRÓ EL TRIBUNAL DE INSTANCIA AL DESESTIMAR LA DEMANDA CONTRA LOS CO-DEMANDADOS HEIDA ENID COLON VIENTÓS, SU ESPOSO DAVID MEDINA, LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS, Y LA JUNTA LOCAL DE DESARROLLO LABORAL DEL NOROESTE POR MEDIO DE SU PRESIDENTE, EL LCDO. PEDRO GARCÍA MORELL PORQUE LA DEMANDA SÍ EXPUSO UNA RECLAMACIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO AUNQUE NO FUERAN PARTES EN EL CONTRATO QUE OTORGARON LOS DEMANDANTES EN EL CONSORCIO.*

> *SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE INSTANCIA AL DESESTIMAR LA CAUSA DE ACCIÓN POR ENRIQUECIMIENTO INJUSTO.*

---

[7] Por medio de su presidente, el Lcdo. Pedro García Morell.
[8] Notificada el 14 de marzo de 2023.; Apéndice 6 de la *Apelación*, págs. 77 – 85.
[9] *Id.*, en la pág. 84.

El **24 de mayo de 2023**, la parte apelada compareció en el escrito *"Alegato de la Parte Apelada"*.

**-II-**

**-A-**

El Tribunal Supremo de Puerto Rico ha sido claro en que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[10] La citada norma de deferencia también es aplicable a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, nuestro Alto Foro ha expresado lo siguiente:

> *No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[11]*

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[12] Por lo tanto, para realizarla adecuadamente nuestro Alto Foro Judicial indica expresamente que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[13]

**-B-**

Sabido es que las alegaciones de una demanda tienen como propósito bosquejar o notificar a grandes rasgos cuáles son las reclamaciones y las defensas de las partes. En ese sentido, la Regla 6.1(a) de Procedimiento Civil dispone que una alegación que exponga una solicitud de remedio debe contener **"una relación**

---

[10] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).
[11] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[12] *Id.*
[13] *Id.*

*sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio".*[14]

Cónsono con lo anterior, la Regla 10.2 de Procedimiento Civil establece, en adición a otras, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio como fundamento para solicitar la desestimación de una causa de acción.[15] En lo pertinente, esta regla dispone, que:

> *Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:*
> *(1) falta de jurisdicción sobre la materia;*
> *(2) falta de jurisdicción sobre la persona;*
> *(3) insuficiencia del emplazamiento;*
> *(4) insuficiencia del diligenciamiento del emplazamiento;*
> ***(5) dejar de exponer una reclamación que justifique la concesión de un remedio;***
> *(6) dejar de acumular una parte indispensable. [...].[16]*

En lo concerniente a nuestra controversia se ha establecido que, ante la presentación de una moción de desestimación basada en la quinta defensa de dicha Regla, los foros judiciales ***deben tomar como ciertas todas las alegaciones fácticas plasmadas en la demanda***.[17] En ese sentido, están obligados a interpretar las aseveraciones de la parte demandante en forma conjunta, de la manera más favorable y liberal, formulando a su favor todas las inferencias que puedan asistirle.[18]

De esta forma, los tribunales deben razonar —*si a la luz de la situación más favorable al demandante y resolviendo las dudas a su favor*— la demanda es suficiente para constituir una reclamación válida.[19]

Conforme a lo antes dicho, la causa de acción no debe ser desestimada a menos que el promovente de la moción demuestre

---

[14] Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 6.1(a). *Énfasis suplido.*

[15] 32 LPRA Ap. V, R. 10.2.

[16] *Id. Énfasis suplido.*

[17] *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Roldán v. Lutrón, S.M., Inc.,* 151 DPR 883, 889 (2000). *Énfasis suplido.*

[18] *Colón v. Lotería, supra,* pág. 649.

[19] *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). *Énfasis suplido.*

que el demandante no tiene derecho a **remedio alguno** al amparo de cualquier estado de hechos que puedan ser evidenciados en apoyo a su causa de acción.[20]

En consecuencia, la desestimación procede cuando existen circunstancias que permiten a los tribunales determinar, sin ambages, que la demanda **adolece de todo mérito o que la parte no tiene derecho a obtener remedio alguno**.[21] En ese sentido, es apropiado reiterar que nuestro Tribunal Supremo ha sostenido firmemente la clara política pública judicial de que los casos se ventilen en sus méritos.[22] Como corolario a esa política, ha recalcado que existe un trascendental interés en que todo litigante tenga su día en corte.[23]

**-C-**

La acción por enriquecimiento injustificado surge cuando no se ha provisto un remedio para una situación en la que se produce un desplazamiento patrimonial que beneficia a uno y enriquece a otro sin explicación razonable o justificada en el ordenamiento vigente.[24]

Antes de la vigencia del nuevo Código Civil del 2020, la acción de enriquecimiento era una basada en el principio de equidad.[25] Sin embargo, el nuevo *Código Civil de Puerto Rico de 2020* estatuyó el enriquecimiento sin causa.[26] Así, el referido Código dispuso que, *"[s]i una persona, sin justa causa, se enriquece a expensas de otra, está obligada a indemnizarla de la correlativa disminución patrimonial en*

---

[20] *Colón v. Lotería, supra*, pág. 649. *Énfasis suplido.*
[21] *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013). *Énfasis suplido.*
[22] *Datiz v. Hospital Episcopal*, 163 DPR 10, 20 (2004).
[23] *Id.*
[24] *ELA v. Cole*, 164 DPR 608, 632 (2005).
[25] *Id.*
[26] Ley Núm. 55 – 2020, según enmendado conocida como *Código Civil de Puerto Rico de 2020*, 31 LPRA sec. 10771.

*la medida de su propio enriquecimiento, ya sea que este provenga de la obtención de una ventaja o de la evitación de un perjuicio".*[27]

Para que proceda la aplicación de la doctrina del enriquecimiento injusto es necesario que concurran ciertos requisitos básicos, a saber: **(1)** existencia de un enriquecimiento; **(2)** un correlativo empobrecimiento; **(3)** una conexión entre dicho empobrecimiento y enriquecimiento; **(4)** falta de una causa que justifique el enriquecimiento; **(5)** inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa.[28]

Ahora bien, estatutariamente se estableció que la acción de restitución no procede: **(a)** si la ley deniega la acción; **(b)** si la ley atribuye otros efectos al enriquecimiento; **(c)** si la ley permite al empobrecido ejercer otra acción; o **(d) si entre las partes o interesados existe una relación contractual**.[29]

La aplicación de la citada doctrina dependerá de las circunstancias de cada caso y es invocable, entre otras circunstancias, cuando no se han observados ciertas formalidades de ley que sean fácilmente subsanables o susceptibles de haber sido ejecutadas con asesoramiento debido.[30] No obstante, se ha reiterado que dicha doctrina no puede ser aplicada cuando resulte contraria a una clara política pública plasmada en un estatuto o en la Constitución.[31]

### -III-

A manera de resumen, surge del expediente ante nos que los apelantes son abogados contratados por servicios profesionales para Consorcio. De acuerdo con sus alegaciones, el referido Consorcio le adeuda la suma de $32,655.46 en concepto de servicios rendidos,

---

[27] *Id.*

[28] *ELA v. Cole Vázquez, supra, pág. 633.*

[29] 31 LPRA sec. 10772.

[30] *Plan de Bienestar v. Municipio de Cabo Rojo,* 114 DPR 697, 702-703 (1983).

[31] *Ortiz Andújar v. ELA,* 122 DPR 817, 823 (1988).; *Hatton v. Municipio de Ponce,* 134 DPR 1001, 1011 (1994).

pero no pagados.[32] Aducen que por unas actuaciones ilegales de la señora Colón Vientós las enmiendas a sus contratos no se registraron en la Oficina de Contralor, razón por la cual se les negó el pago por los servicios que rindieron. Ello provocó la presentación de esta demanda en la que incluyeron múltiples demandados, y alegaron, entre otras cosas, enriquecimiento injusto.

De manera conjunta, la parte apelada solicitó la desestimación de la demanda para aquellos que no fueron parte contractual en el acuerdo de servicios profesionales. Además, arguyó que no aplicaba el enriquecimiento injusto, ya que en este caso había un contrato entre el Consorcio y los apelantes.[33]

El TPI desestimó la causa de acción contra la señora Colón Vientós, su esposo, la SLG y la Junta; además, desestimó la acción sobre enriquecimiento injusto.

Inconforme, los apelantes apelan ante nos, —y en síntesis— plantean que el TPI incidió al desestimar tanto la causa de acción contra la señora Colón Vientós, su esposo, la SLG y la Junta, como la acción de enriquecimiento injusto. No tienen razón.

**Primero,** los apelantes aceptaron que el contrato de servicios profesionales fue otorgado entre ellos y ALDLN, y no hubo, otra parte involucrada en el mismo. Por lo que no se justifica la inclusión de la señora Colón Vientós, su esposo, la SLG y la Junta, como parte demandada en el presente caso. Nótese, que la ALDLN tiene una personalidad jurídica y separada de los demás organismos. Por consiguiente, no erró el TPI al desestimar la causa de acción contra señora Colón Vientós, su esposo, la SLG y la Junta.

**Segundo**, el TPI no incidió al desestimar la causa de acción sobre enriquecimiento injusto. Resulta claro que en este caso existe

---

[32] Según surge del expediente, los contratos se realizaron de manera individual. Por lo que, alegadamente al Lcdo. Porro – Vicarra se le adeuda la cantidad de $22,855.46, y al Lcdo. Dávila Carrión se le adeuda la suma de $9,800.00.
[33] Los apelantes aceptaron que las partes contratantes fueron ellos y el Consorcio.

un contrato entre los abogados y el Consorcio. Pese a los argumentos de los apelantes, en el presente caso hay una causa que justifica el enriquecimiento, un contrato de servicios profesionales entre el Consorcio y los apelantes, por lo que no aplica la doctrina de enriquecimiento injusto.

En virtud de lo antes dicho, resolvemos confirmar la *Sentencia Parcial Enmendada.*

**-IV-**

Por los fundamentos antes expuestos, se **confirma** la *Sentencia Parcial Enmendada* dictada por el TPI.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones