ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **THE WOODS HOMEOWNERS ASSOCIATION**<br>DEMANDANTE(S)-APELANTE(S)<br><br><br>V.<br><br><br>**JOHN GERVASIO ORTA BERRIOS Y LA SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI COMPUESTA POR SUS HEREDEROS: LINDA M. AYALA HERNÁNDEZ; STEVEN J. AYALA HERNÁNDEZ; SANDRA M. AYALA HERNÁNDEZ; CHRISTINE R. ORTA HERNÁNDEZ Y SU VIUDO Y CÓNYUGE SUPÉRSTITE, JOHN GERVASIO ORTA BERRÍOS**<br>DEMANDADA(S)-APELADA(S) | **KLAN202301045** | ***Apelación***<br>procedente del Tribunal de Primera Instancia, Sala Superior de **HUMACAO**<br><br>Caso Núm.<br>**HU2023CV00426 (208)**<br><br>Sobre:<br><br>Cobro de Dinero |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 20 de diciembre de 2023.

Comparece ante este Tribunal de Apelaciones, **THE WOODS HOMEOWNERS ASSOCIATION** (**THE WOODS**) mediante *Apelación* incoada el 22 de noviembre de 2023. En su escrito, nos solicita que revisemos la *Sentencia* decretada el 2 de agosto de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Humacao.[1] En la antedicha *Sentencia*, el foro primario ordenó el archivo, sin perjuicio, de la presente causa de acción por no tener la potestad para expedir la orden autorizando el emplazamiento por edictos por haberse

---

[1] Este dictamen judicial fue notificado y archivado en autos el 2 de agosto de 2023. Véase Apéndice de la *Apelación*, págs. 1- 2.

excedido el término improrrogable de ciento veinte (120) días provisto por la Regla 4.3 (c) de las de Procedimiento Civil de 2009.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

**- I -**

El 27 de marzo de 2023, **THE WOODS** incoó *Demanda* sobre cobro de dinero en contra de **JOHN GERVASIO ORTA BERRIOS** y **LA SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI** compuesta por sus herederos: **LINDA M. AYALA HERNÁNDEZ; STEVEN J. AYALA HERNÁNDEZ; SANDRA M. AYALA HERNÁNDEZ; CHRISTINE R. ORTA HERNÁNDEZ** (señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY**).[2] En la reclamación, se alegó que el señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI** son dueños en común proindiviso del apartamento número siete (7) del *Condominio The Woods* at Palmas del Mar en Humacao, Puerto Rico; quienes responden por el pago de las cuotas de mantenimiento y otras partidas de conformidad con lo establecido en las Condiciones Restrictivas del Reglamento del Condominio. Adujo que el señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI** dejaron de pagar las cuotas de mantenimiento y se reclamó, solidariamente, una deuda por la cantidad de $103,357.71 hasta el mes de marzo de 2023, inclusive. Al día siguiente, el 28 de marzo de 2023, se expidieron los emplazamientos dirigidos al señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI**.[3]

Más tarde, el 24 de julio de 2023, **THE WOODS** presentó una *Moción Solicitando Emplazamiento por Edictos* en la cual peticionó que se le autorizara emplazar mediante edictos al señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI**.[4] Dicho escrito estaba acompañado de la *Declaración Jurada* suscrita el 24

---

[2] Véase Apéndice de la *Apelación*, págs. 7- 13. Esta *Demanda* estaba acompañado de los proyectos de emplazamiento.
[3] *Íd.*, págs. 14-18.
[4] *Íd.*, págs. 19- 27.

de julio de 2023 por el señor Raúl Canales Vázquez acreditando las diligencias efectuadas para localizar al señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI**, así como de los proyectos de emplazamientos por edicto.

El 26 de julio de 2023, el tribunal apelado emitió una *Orden* requiriéndole a **THE WOODS** presentar un proyecto de *Orden de Emplazamiento Por Edicto* inmediatamente.[5] El mismo día, **THE WOODS** presentó *Moción en Cumplimiento de Orden* acompañada del proyecto de orden.[6]

Acto seguido, el 2 de agosto de 2023, el tribunal de instancia dictaminó la *Sentencia* apelada. En la misma fecha, **THE WOODS** presentó una *Moción de Reconsideración*.[7] El 23 de octubre de 2023, se pronunció *Orden* declarando *no ha lugar* la solicitud de reconsideración.[8]

Inconforme con la determinación del foro apelado, el 22 de noviembre de 2023, **THE WOODS** acudió ante este foro revisor mediante *Apelación* señalando el(los) siguiente(s) error(es):

> Erró el TPI al ordenar el archivo sin perjuicio de la presente causa de acción a pesar de haberse solicitado los emplazamientos por edictos dentro del término de 120 días para diligenciar el emplazamiento y luego de proveer inmediatamente un proyecto de orden de emplazamiento por edicto según fue solicitado por el TPI.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y dadas las particularidades del presente caso, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

---

[5] Véase Apéndice de la *Apelación,* pág. 28.
[6] *Íd.*, págs. 29- 30.
[7] *Íd.*, págs. 3- 5.
[8] *Íd.*, pág. 6.

- II -

El emplazamiento es el mecanismo procesal mediante el cual se le notifica a la parte demandada sobre la existencia de una reclamación instada en su contra y el tribunal adquiere jurisdicción sobre su persona para resolver el asunto.[9] Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada de forma sucinta y sencilla que se ha presentado una acción en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor.[10] Conforme a lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal.[11]

Así pues, los emplazamientos se clasifican por la forma de diligenciarlos y por el domicilio de la parte demandada. El *emplazamiento personal* es aquel que se lleva a cabo mediante la entrega de la demanda y del emplazamiento a la parte demandada. Asimismo, el *emplazamiento mediante edicto* es aquel que se diligencia mediante la publicación de edicto en periódico de circulación general.[12]

En consonancia, los requisitos del emplazamiento son de *cumplimiento estricto* y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley.[13] A tales efectos, toda parte demandada tiene el derecho a ser emplazada "conforme

[9] *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero* v. *Santiago Martínez*, 203 DPR 462, 480 (2019).

[10] *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017).

[11] *Natal Albelo v. Romero Lugo y otros*, 206 DPR 465, 475 (2021); *Rivera Marrero* v. *Santiago Martínez, supra,* pág. 483.

[12] Véase: Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, 2017, pág. 260.

[13] *Rivera Marrero v. Santiago Martínez, supra*, pág. 481- 486; *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

a derecho y existe en nuestro ordenamiento una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales con el propósito de privar a una persona de su propiedad sin el debido proceso de ley".[14]

En nuestro ordenamiento jurídico, los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están instituidos por la Regla 4 de las de Procedimiento Civil de 2009 y su inobservancia priva al tribunal de su jurisdicción sobre la persona de la parte demandada.[15] En lo pertinente, la Regla 4.1 dispone que una parte que interese demandar a otra, deberá presentar el formulario de emplazamiento conjuntamente con la demanda para su expedición inmediata por la Secretaría del Tribunal.[16] Por su parte, la Regla 4.3 (c) de las de Procedimiento Civil de 2009 instaura que, una vez expedido el emplazamiento, este:

> [...] **será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.[17] *(Énfasis suplido).*

El Máximo Foro ha resuelto que el término dispuesto para diligenciar el emplazamiento es "improrrogable".[18] Ante el escenario que Secretaría no expida los emplazamientos el mismo día de haberse instado la demanda, "el término para diligenciar un emplazamiento comenzará a transcurrir, *sin ninguna otra condición*

---

[14] *First Bank of P.R. v. Inmob. Nac., Inc,* 144 DPR 901, 916 (1998).
[15] 32 LPRA Ap. V, R. 4. *Datiz Vélez v. Hospital Episcopal,* 163 DPR 10, 15 (2004).
[16] 32 LPRA Ap. V, R. 4.1.
[17] 32 LPRA Ap. V, R. 4.3(c).
[18] *Martajeva v. Ferré Morris y otros, supra,* pág. 621; *Sánchez Ruíz v. Higuera Pérez et al.,* 203 DPR 982, 991 (2020); *Bernier González* v. *Rodríguez Becerra, supra,* pág. 649.

*o requisito*, una vez la Secretaría del tribunal expida el emplazamiento".[19] *(Citas omitidas).*

Ahora bien, cuando la *entrega personal* no puede efectuarse por no poderse localizar a la parte demandada, la Regla 4.6 de las de Procedimiento Civil de 2009, por excepción, establece el *emplazamiento mediante edicto*.[20] Para que el tribunal ordene el mismo, la parte demandante presentará una moción acompañada por una declaración jurada conocida como el afidávit de méritos acreditando a satisfacción del tribunal todas las diligencias realizadas para emplazar personalmente a la parte demandada y/o se manifiesta uno de los casos provistos por la aludida Regla 4.6 de las de Procedimiento Civil de 2009.[21] Además, acreditará que existe una reclamación que justifica la concesión de un remedio contra la persona a ser emplazada o dicha persona es parte apropiada del pleito.[22] Una vez se presenta la solicitud ante el tribunal, este discrecionalmente expedirá la orden autorizando la publicación por edicto.[23]

En el caso *Sánchez Ruíz v. Higuera Pérez et al.*, el Tribunal Supremo determinó que el término para realizar un *emplazamiento por edicto*, una vez se intentó emplazar personalmente sin éxito a la parte demandada, comienza a decursar desde que se expide el correspondiente emplazamiento.[24] En otras palabras, cuando se le solicita al tribunal emplazar mediante edicto, comienza a transcurrir nuevamente un término de ciento veinte (120) días para diligenciar el mismo. Empero, este nuevo término de ciento veinte (120) días está sujeto a que la parte demandante solicite emplazar por edictos, **dentro del plazo original de ciento veinte (120) días para**

---

[19] *Pérez Quiles v. Santiago Cintrón, supra,* pág. 381.
[20] 32 LPRA Ap. V, R. 4.6.
[21] R. Hernández Colón, *op. cit.,* pág. 269.
[22] *Íd.* pág. 270.
[23] *Íd.*
[24] 203 DPR 982 (2020).

**diligenciar el emplazamiento** mediante *entrega personal.*[25] Cabe recalcar que, la solicitud deberá acreditar los esfuerzos y diligencias previamente realizadas para emplazar personalmente, con hechos específicos y no meras conclusiones o generalidades.[26]

**- III -**

En su único señalamiento de error, **THE WOODS** expuso que, incidió la primera instancia judicial al ordenar el archivo, sin perjuicio, de la causa de acción instada en contra del señor **ORTA BERRIOS** y la **SUCESIÓN DE ROSE MARY HERNÁNDEZ DAMIANI**; ello, a pesar de haber solicitado los emplazamientos por edicto dentro del término original de ciento veinte (120) días para diligenciar el emplazamiento mediante *entrega personal.*

Surge del expediente, que el 28 de marzo de 2023, al día siguiente de haberse presentado la *Demanda,* la Secretaría expidió los correspondientes emplazamientos. A partir de la fecha de expedición, comenzó a transcurrir el plazo de ciento veinte (120) días para que **THE WOODS** diligenciara los emplazamientos, conforme dispone la Regla 4.3 (c) de las de Procedimiento Civil de 2009.[27] Ante ello, el plazo vencía el 26 de julio de 2023. Empero, debido a los esfuerzos infructuosos para diligenciar mediante *entrega personal,* el 24 de julio de 2023 –dos (2) días antes de vencerse el término–, **THE WOODS** solicitó al foro primario autorización para diligenciar los emplazamientos *mediante edicto,* ello acompañando de la debida acreditación de las diligencias efectuadas y los proyectos de emplazamientos por edicto.

Por esta razón, queda demostrado que **THE WOODS** cumplió cabalmente con la Regla 4 de las de Procedimiento Civil de 2009, específicamente, con la Regla 4.6. Dicha Regla permite, por excepción, que cuando la *entrega personal* no pueda efectuarse, el

---

[25] *Íd.*, pág. 988.
[26] *Íd.*; *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 25 (1993).
[27] 32 LPRA Ap. V, R. 4.3(c).

emplazamiento pueda diligenciarse *mediante edicto*, siempre que la solicitud se lleve a cabo dentro del plazo original de ciento veinte (120) días.[28] En el caso de marras, **THE WOODS** presentó la solicitud a los ciento dieciocho (118) días de haberse expedido los emplazamientos y, por ende, dentro del término dispuesto de ciento veinte (120) días. Es forzoso colegir que le correspondía al foro primario expedir los correspondientes emplazamientos por edicto; decursando un nuevo término de ciento veinte (120) días para diligenciar su emplazamiento. En consecuencia, incidió el foro apelado al ordenar el archivo, sin perjuicio, de la presente causa de acción.

**- IV -**

Por los fundamentos expuestos, ***revocamos*** la *Sentencia* intimada el 2 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Humacao. Devolvemos el caso al foro de origen para la continuación de los procedimientos de forma consistente con nuestros pronunciamientos. A estos efectos, deberá expedir los emplazamientos por edicto, entendiéndose que comienza un nuevo término de ciento veinte (120) días para su diligenciamiento.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[28] 32 LPRA Ap. V, R. 4.6.