Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **CARLA E. COLETTI**<br><br>Peticionaria<br><br><br>v.<br><br><br>**KEVIN GAN Y OTROS**<br><br>Recurridos | KLCE202400348 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala **San Juan**<br><br>Caso Núm.:<br>**SJ2023CV09320**<br><br>Sobre:<br>**Incumplimiento de Contrato** |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos, Carla Elena Coletti, en adelante Coletti o peticionaria, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala de San Juan, en adelante, TPI-SJ, emitida el 20 de febrero de 2024. Mediante dicho dictamen, el foro recurrido declaró "Sin Lugar" la solicitud de desestimación presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, *denegamos expedir el recurso de autos.*

### I.

El 25 de noviembre de 2022, Coletti arrendó una propiedad, ubicada en Plantation Village Building I, en el Municipio de Dorado, a los esposos Benjamín Blad y Kevin Gan, en adelante, Blad-Gan o recurridos.[1] El contrato de arrendamiento se configuró por la suma mensual de $22,000.00.[2] El tiempo estipulado en el mismo

---

[1] Apéndice del recurso, pág. 20.
[2] *Id.* pág. 7.

comprendía el periodo del 24 de diciembre de 2022 al 31 de diciembre de 2023.[3] Pertinente a la controversia del caso de marras, el contrato de arrendamiento dispuso que los *gastos ordinarios y extraordinarios en reparaciones y reemplazos serían sufragados por el arrendador.*[4]

A consecución de las dificultades enfrentadas por el aire acondicionado de la propiedad arrendada, los recurridos notificaron la terminación del contrato de arrendamiento el 11 de agosto de 2023.[5] Por la alegada negativa de Coletti a resolver la situación, el 2 de octubre de 2023, Blad-Gan presentaron una *"Demanda"* contra la peticionaria, por incumplimiento contractual y daños.[6] En la misma alegaron que durante varios meses le indicaron a la peticionaria un problema con el aire acondicionado, que, según estos, culminó con el desarrollo de bacterias y moho en la habitación principal. Alegaron que esta situación provocó daños en su propiedad personal. Solicitaron una suma de $100,000.00 en daños.

El mismo día de presentarse la demanda, los recurridos hicieron una *"Solicitud de Emplazamiento por Edicto"* al TPI-San Juan, ya que Coletti es residente del estado de California en los Estados Unidos de América.[7] El 11 de octubre de 2023, el foro recurrido emitió una *"Orden"* para que se emplazara, conforme a lo solicitado por Blad-Gan.[8] Posteriormente, el 28 de noviembre de 2023, los recurridos presentaron una moción solicitando la rebeldía de Coletti, por no haber contestado la demanda.[9] Junto a su

---

[3] Apéndice del recurso, pág. 7.
[4] *Id.* pág. 9.
[5] *Id.* pág. 20.
[6] *Id.* pág. 1.
[7] *Id.* pág. 22.
[8] *Id.* pág. 31.
[9] *Id.* pág. 33.

petitorio, los recurridos presentaron prueba del emplazamiento por edicto. El 3 de enero de 2024, el TPI-SJ anotó la rebeldía de Coletti.

Así las cosas, el 26 de enero de 2024, la peticionaria presentó una solicitud de desestimación por falta de jurisdicción sobre su persona.[10] La peticionaria arguyó que hubo insuficiencia en el emplazamiento, por haberse efectuado el mismo por edicto, y no personalmente. El 5 de febrero de 2024, los recurridos presentaron su oposición a la solicitud de desestimación.[11] Finalmente, el 20 de febrero de 2024, el TPI-SJ declaró "Sin Lugar" la moción de desestimación presentada por Coletti por falta de jurisdicción, por entender que el emplazamiento por edicto *se hizo conforme a derecho.*

Inconforme, la peticionaria recurrió ante esta Curia mediante un recurso de *certiorari* el 25 de marzo de 2024. En su recurso, Coletti hace el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE DESESTIMACIÓN POR INSUFICIENCIA EN EL EMPLAZAMIENTO Y ERRANDO EN DERECHO.

Mediante "Resolución" del 2 de abril de 2024, este Tribunal concedió a la parte peticionaria cinco (5) días para evidenciar el cumplimiento con lo dispuesto en la Regla 33(B) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 33(B). Además, dispusimos que la parte recurrida tendría hasta el 5 de abril de 2024 para hacer alegación responsiva, conforme a lo dispuesto en la Regla 37 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 37.

El 12 de abril de 2024, la parte recurrida solicitó una prórroga para presentar su oposición al recurso ante nos, de manera tardía.

---

[10] Apéndice del recurso, pág. 41.
[11] *Id.* pág. 49.

El 16 de abril de 2024, la parte peticionaria igualmente presentó su *"Moción en Cumplimiento de Orden",* de manera tardía.

Por entender que el 5 de abril de 2024 el recurso quedó perfeccionado, procedemos a expresarnos.

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al,* 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso

de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio

sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

### B. Emplazamiento por edicto

El emplazamiento constituye el mecanismo procesal que viabiliza el ejercicio de la jurisdicción judicial dentro de nuestro sistema judicial. *SLG Rivera Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021); *Torres Zayas v. Montano Gómez et al.*, 199 DPR 458, 467 (2017). Mediante este instrumento, el Tribunal adquiere jurisdicción sobre la persona que esté siendo demandada, quedando esta última obligada por el dictamen que finalmente se emita. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 2024 TSPR 10, 213 DPR ___ (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620-621 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018). Por un lado, la finalidad del emplazamiento es notificar a la parte demandada que se ha instado una reclamación judicial en su contra y, por el otro, garantizarle su derecho a ser oído y a defenderse. *SLG Rivera Pérez v. SLG Díaz-Doe et al., supra*; *Torres Zayas v. Montano Gómez et al., supra*; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005).

De otra parte, sirve como medio para que los tribunales adquieran jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita. *Bernier González v. Rodríguez Becerra*, supra, pág. 637.

El adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata. *Banco Popular v. S.L.G. Negrón,* supra; *Datiz v. Hospital Episcopal,* 163 DPR 10, 15 (2004). Aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, por vía de excepción, las Reglas de Procedimiento Civil autorizan emplazar por edicto. *Sánchez Ruiz v. Higueras Pérez et al.*, 203 DPR 982, 987-988 (2020); *Banco Popular v. S.L.G. Negrón,* supra, pág. 865. Así, **cuando la persona a ser emplazada no está en Puerto Rico o estando en Puerto Rico no pueda ser localizada después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto.** Id.; Regla 4.6 de Procedimiento Civil, supra.

Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R.4.6, dispone sobre el emplazamiento por edictos y su publicación como sigue:

> ***Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes*** o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así ***se comprueba a satisfacción del tribunal mediante declaración jurada*** que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de un algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte

apropiada en el pleito, *el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto*. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

(Énfasis nuestro).

Autorizado el edicto por el Tribunal, el demandante procurará su publicación en un *periódico de circulación general de la Isla de Puerto Rico*. Luego – dentro de los diez (10) días siguientes a la publicación – enviará a la parte demandada, por correo certificado a la última dirección conocida, *una copia del emplazamiento y la demanda presentada. Banco Popular v. S.L.G. Negrón*, supra, pág. 865-866.

**III.**

La peticionaria nos plantea que el Foro Primario incidió al no desestimar la demanda incoada en su contra, por falta de jurisdicción. Aduce que el emplazamiento de la misma debió ser hecha de manera personal, y no por medio de un edicto.

Luego de un examen sosegado del expediente ante nos, y la norma estatutaria y jurisprudencial que regula el ejercicio de emplazar a los demandados, en especial a aquellos que son notificados por medio de edictos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra intervención.

Luego de apreciar el planteamiento que la parte peticionaria propone ante este Foro, distinguimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al denegar la solicitud de desestimación, y concluir que se emplazó conforme a derecho y en cumplimiento de la Regla 4.6 de Procedimiento Civil,

supra. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

**IV.**

Por los fundamentos antes expuestos, *denegamos el auto solicitado*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones