ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO BOSQUE DE LA VILLA DE TORRIMAR<br><br>Apelante<br><br>v.<br><br>EFRAÍN ECHEVERRI ORTIZ Y OTROS<br><br>Apelados | TA2026AP00205 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Número: BY2025CV05915<br><br>Sobre: Ley de Condominios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece ante nos el Consejo de Titulares del Condominio Bosque de la Villa de Torrimar (Consejo de Titulares; parte apelante) mediante *Apelación*, para solicitarnos la revisión de la *Sentencia Parcial*, emitida el 27 de enero de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] Mediante la *Sentencia Parcial*, el TPI desestimó la demanda en cuanto a Josiane Marie Álvarez Chung (Sra. Álvarez Chung) y la Sociedad Legal de Gananciales compuesta por esta y Efraín Echeverri Ortiz (Sr. Echeverri Ortiz) (en conjunto, parte apelada). Por otro lado, solicita la revisión de la *Resolución Interlocutoria*, emitida el 29 de enero de 2026, notificada al día siguiente, mediante la cual el TPI declaró No Ha Lugar la solicitud de reconsideración presentada por la parte apelante, el 29 de enero de 2026.[2]

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia Parcial* apelada.

---

[1] SUMAC TPI, a la Entrada Núm. 16.
[2] SUMAC TPI, a la Entrada Núm. 18.

**I**

El caso de título inició, el 9 de noviembre de 2025, cuando El Consejo de Titulares presentó una *Demanda* sobre cobro de dinero contra el Sr. Echeverri Ortiz, la Sra. Álvarez Chung, y la Sociedad Legal de Ganaciales Compuesta por Ambos.[3] Adujo que, en el mes de noviembre de 2022, la parte apelada dejó de pagar la cuota de mantenimiento de forma regular. Sobre el particular, explicó que la parte apelada hizo algunos pagos o abonos a la deuda y que, desde agosto de 2025, no ha hecho pago alguno. A tenor, indicó que la parte apelada adeuda la cantidad de $7,562.90 por concepto de cuotas de mantenimiento; $1,914,82 por concepto del seguro comunal 2023-2024; y $2,788.57 por concepto del seguro comunal 2024-2025. Alegó que ha hecho gestiones de cobro, al notificar los estados de cuenta y requerir el pago de la deuda a la parte apelada. No obstante, señaló que dichas gestiones han sido infructuosas, toda vez que la parte apelada no ha satisfecho la deuda objeto de cobro. En consecuencia, solicitó que se condenara a la parte apelada al pago de la deuda, intereses y penalidades, conforme a la Ley 129-2020. Además, solicitó que se condenara a la parte apelada al pago de un 25% de la cuantía obtenida por concepto de honorarios de abogado, así como al pago de costas del litigio.

Así las cosas, el 12 de noviembre de 2025, se expidió el emplazamiento de la Sra. Álvarez Chung y el Sr. Echeverri Ortiz,[4] y el 13 de noviembre de 2025, el TPI emitió *Orden* mediante la cual ordenó que se presentaran los emplazamientos diligenciados en o antes de los ciento veinte (120) días, a partir de su expedición.[5]

Luego, el 14 de diciembre de 2025, el Consejo de Titulares presentó una *Solicitud de Emplazamiento por Edicto*, mediante la cual adujo que no logró el emplazamiento personal de la parte apelada, por lo que solicitó que se permitiera el emplazamiento por edicto.[6] En consecuencia, el 15 de

---

[3] SUMAC TPI, a la Entrada Núm. 1.
[4] SUMAC TPI, a la Entrada Núm. 3 y 4.
[5] SUMAC TPI, a la Entrada Núm. 5,
[6] SUMAC TPI, a la Entrada Núm. 6.

diciembre de 2025, el TPI emitió y notificó una *Orden* mediante la cual ordenó la expedición de los emplazamientos por edicto, así como la publicación de estos en un periódico de circulación general y el envío de la copia del emplazamiento y la *Demanda*, a la dirección de la parte apelada, dentro de los diez (10) días siguientes a la publicación del edicto, por correo certificado con acuse de recibo.[7] Así las cosas, ese mismo día, se expidieron dichos emplazamientos.[8]

Posteriormente, el 23 de diciembre de 2025, el Consejo de Titulares presentó una *Moción Informativa Publicación de Edictos y Correo Certificado*.[9] Mediante esta, alegó que, el 19 de diciembre de 2025, el edicto fue publicado en el periódico El Vocero de Puerto Rico. Además, indicó que, el 23 de diciembre de 2025, notificó la *Demanda* y la publicación del edicto por correo certificado a la parte apelada. Conviene mencionar que obra en los autos copia del edicto publicado, la declaración jurada, así como el documento relacionado al envío de la *Demanda* y el edicto por correo certificado, solo en cuanto al Sr. Echeverri Ortiz.

Posteriormente, el 22 de enero de 2026, el Consejo de Titulares presentó una *Solicitud de Anotación de Rebeldía*, en la cual solicitó la anotación de la rebeldía de la parte apelada debido a que había transcurrido el término de treinta (30) días, desde la publicación del edicto, sin que la parte apelada hubiera comparecido o presentado una alegación responsiva a la *Demanda*.[10] De ahí, mediante *Orden*, emitida y notificada el 23 de enero de 2026, el TPI ordenó al Consejo de Titulares a presentar los acuses de recibos dirigidos a la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por ambos.[11]

En cumplimiento con lo ordenado, el 23 de enero de 2026, el Consejo de Titulares presentó una *Moción para que se expida emplazamiento por edicto para emplazar a Josiane Marie Álvarez Chung*.[12]

---

[7] SUMAC TPI, a la Entrada Núm.8.
[8] SUMAC TPI, a la Entrada Núm. 7.
[9] SUMAC TPI, a la Entrada Núm. 9.
[10] SUMAC TPI, a la Entrada Núm.11
[11] SUMAC TPI, a la Entrada Núm. 12.
[12] SUMAC TPI, a la Entrada Núm.13.

En esta, alegó que no encontraron el correo certificado, por lo que solicitó que se expidiera nuevamente el emplazamiento por edicto, de manera que se pudiera corregir y dar por cumplida la *Orden*, emitida y notificada el 23 de enero de 2026. En respuesta, mediante *Orden*, emitida el 27 de enero de 2026, notificada al día siguiente, el TPI ordenó la expedición del emplazamiento por edicto de la Sra. Álvarez Chung y la Sociedad Legal de gananciales compuesta por ambos, así como la publicación del edicto y el envío de la copia del emplazamiento y la *Demanda* a la dirección de la Sra. Álvarez Chung, dentro de los diez (10) días siguientes a la publicación del edicto, por correo certificado con acuse de recibo.[13] Conviene mencionar que, el 28 de enero de 2026, se expidió el emplazamiento por edicto.[14]

Pendiente la *Orden* emitida el 27 de enero de 2026, ese mismo día, notificada al día siguiente, el TPI dictó *Sentencia Parcial*.[15] En esta, adujo que la parte apelante realizó el emplazamiento por edicto, sin embargo, no cumplió con el requisito de enviar la copia de la *Demanda*, luego de la publicación del edicto, a la última dirección conocida de la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por ambos, por lo que el emplazamiento realizado era defectuoso. Ante ello, el TPI desestimó y archivó la *Demanda*, sin perjuicio, en cuanto a la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por ambos.

En desacuerdo, el 29 de enero de 2026, la parte apelante presentó una *Solicitud de Reconsideración Sentencia Parcial Emitida*.[16] En esencia, alegó que estaba a tiempo para emplazar a la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por ambos, conforme a derecho. Además, indicó que cuenta con la orden y el emplazamiento por edicto expedido para corregir la falta de notificación por correo certificado. A tenor, solicitó que se dejara sin efecto la *Sentencia Parcial* y se ratificara la expedición del emplazamiento por edicto para gestionar el

---

[13] SUMAC TPI, a la Entrada Núm.15.
[14] SUMAC TPI, a la Entrada Núm. 14.
[15] SUMAC TPI, a la Entrada Núm.16.
[16] SUMAC TPI, a la Entrada Núm. 17.

emplazamiento de la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por ambos.

En respuesta, ese mismo día, notificada al día siguiente, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la *Solicitud de Reconsideración Sentencia Parcial Emitida,* presentada por la parte apelante y refirió a esta a la *Orden* emitida el 27 de enero de 2026.[17]

En cumplimiento con lo ordenado, el 2 de febrero de 2026, el Consejo de Titulares presentó *Moción en Cumplimiento de Orden Emplazamiento por Edicto Josiane Marie Álvarez Chung y SLG*.[18] Adujo que, el 2 de febrero de 2026, el Vocero de Puerto Rico publicó el emplazamiento por edicto y que, ese mismo día, notificó por correo certificado la *Demanda*, la notificación de edicto, y la publicación de edicto a la Sra. Álvarez Chung, Sr. Echeverri Ortiz y la Sociedad Legal de Gananciales, compuesta por ambos. A tenor, solicitó que se dejara sin efecto la *Sentencia Parcial*. Obra en los autos copia del edicto publicado, la declaración jurada, así como el documento relacionado al envío de la *Demanda* y emplazamiento por correo certificado.

De ahí, el 19 de febrero de 2026, notificada al día siguiente, el TPI emitió una *Resolución Interlocutoria,* mediante la cual declaró No Ha Lugar la moción presentada por la parte apelante, el 2 de febrero de 2026, por ser una segunda reconsideración.[19]

En desacuerdo, el 26 de febrero de 2026, el Consejo de Titulares acudió ante esta Curia mediante el presente recurso de apelación, en el cual esgrimió los siguientes señalamientos de error:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al desestimar la demanda contra las codemandadas Josiane Marie Álvarez Chung y la Sociedad Legal de Gananciales compuesta por esta y el codemandado Efraín Echeverri Ortiz antes de que expirara el término de ciento veinte (120) días dispuesto por la Regla 4.3(c) de Procedimiento Civil, e imponer la sanción más drástica de desestimación en ausencia de inacción, abandono o falta de diligencia por parte de la demandante.

---

[17] SUMAC TPI, a la Entrada Núm. 18
[18] SUMAC TPI, a la Entrada Núm. 19. Véase, además, Entrada Núm. 21.
[19] SUMAC TPI, a la Entrada Núm. 22.

SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al tratar un defecto subsanable en el diligenciamiento del emplazamiento como si constituyera un defecto fatal que privaba al tribunal de jurisdicción, y al privar a la parte demandante de su derecho a subsanar dicho defecto conforme a la Regla 4 de Procedimiento Civil y la jurisprudencia aplicable.

TERCER ERROR: Erró el Tribunal de Primera Instancia al mantener la Sentencia Parcial desestimatoria aun cuando la parte demandante subsanó el defecto señalado mediante la publicación del edicto y la notificación por correo certificado dentro del término reglamentario, y al sostener una determinación que priva indebidamente a la parte demandante de su día en corte, vulnera el debido proceso de ley y provoca una fragmentación innecesaria e incongruente de una misma causa de acción.

Mediante *Resolución,* emitida el 4 de marzo de 2026, en lo atinente, concedimos a la parte apelada hasta el 30 de marzo de 2026, para presentar su alegato en oposición. Por otro lado, declaramos *No Ha Lugar* un escrito incoado por la parte apelante, el 17 de marzo de 2026, mediante su representación legal, en el cual solicitó treinta (30) días adicionales para que la parte apelada presentara su posición. Transcurrido el término concedido hasta el 30 de marzo de 2026, la apelada no presentó su alegato, por lo que procedemos a disponer del presente recurso.

**II**

El emplazamiento es el mecanismo procesal que le permite a un tribunal adquirir jurisdicción sobre la persona de la parte demandada, de manera que esta quede obligada por el dictamen que finalmente se emita. *Martajeva v. Ferre Morris*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Este mecanismo tiene como propósito principal notificar a una parte demandada que existe una acción judicial en su contra para que así, si lo desea, ejerza su derecho a comparecer, ser escuchado y presentar prueba a su favor. *Martajeva v. Ferre Morris*, *supra*; *Bernier González v. Rodríguez Becerra*, *supra.* Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados

por la Regla 4 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4. La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano Gómez,* 199 DPR 458, 467 (2017); *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004).

En cuanto al término de diligenciamiento del emplazamiento, la Regla 4.3 (c) de Procedimiento Civil establece:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. 32 LPRA Ap. V, R. 4.3 (c).

El Tribunal Supremo ha expresado que el término de ciento veinte (120) días para diligenciar el emplazamiento es improrrogable. *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 991 (2020); *Bernier González v. Rodríguez Becerra*, *supra*, pág. 649. Siendo así, si la parte demandante no ha podido diligenciar el emplazamiento dentro del término, su causa de acción se desestimará automáticamente. *Id*. Ahora bien, en los casos donde la Secretaría no expida los emplazamientos el mismo día en que se presentó la demanda, la Regla 4.3 dispone que el tiempo que demore el tribunal en expedir los emplazamientos será el mismo tiempo que tendrá la parte demandante para diligenciar su emplazamiento. 32 LPRA Ap. V, R.4.3 (c).

Cuando la demanda y los emplazamientos son radicados simultáneamente y la Secretaría del TPI no expide los emplazamientos el mismo día en que se presentó la demanda, el término de 120 días para diligenciar los mismos comienzan a discurrir a la fecha en que la Secretaría del TPI los expida. *Pérez Quiles v. Santiago Cintrón*, *supra*. Es decir, en

estos casos, el término de ciento veinte (120) días comenzará a decursar desde el momento de la expedición del emplazamiento y no desde la presentación de la demanda. *Sánchez Ruiz v. Higuera Pérez*, *supra*, págs. 991-992.

Por otro lado, en nuestro ordenamiento jurídico se reconoce el emplazamiento mediante la publicación de un edicto de manera excepcional. 32 LPRA Ap. V, R. 4.6 (a). La Regla 4.6 de las Reglas de Procedimiento Civil regula todo lo relacionado al emplazamiento mediante edicto. 32 LPRA Ap. V, R. 4.6. Según dispone, este mecanismo podrá utilizarse cuando la persona a ser emplazada: (i) esté fuera de Puerto Rico; (ii) estando en Puerto Rico no pudo ser localizada después de realizar las diligencias pertinentes; (iii) se oculte para no ser emplazada; (iv) cuando sea una corporación extranjera sin agente residente. *Id*. Además, la Regla 4.6 (c) dispone que: "Cuando se trate de parte demandada desconocida, su emplazamiento se hará mediante edictos de conformidad con lo dispuesto en esta regla, dándose cumplimiento sustancial a dichas disposiciones en todo lo posible". 32 LPRA Ap. V, R. 4.6 (c).

Ahora bien, el emplazamiento mediante edicto se permite, únicamente, cuando ya se ha intentado efectuar un emplazamiento personal y luego de haberse sometido una declaración jurada con la expresión de las diligencias ya efectuadas. *Sánchez Ruiz v. Higuera Pérez*, supra, págs. 987-988, citando a *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 23 (1993). Es decir, se requiere que el demandante demuestre, a satisfacción del tribunal, mediante declaración jurada, las diligencias realizadas para llevar a cabo el emplazamiento personal de la parte demandada. 32 LPRA Ap. V, R. 4.6 (a). El tribunal, a su discreción, podrá dictar una orden en la que disponga que el emplazamiento se realice mediante la publicación de un edicto. *Sánchez Ruiz v. Higuera Pérez*, *supra*, pág. 994. Cabe señalar que, la parte demandante tiene que solicitar la expedición de emplazamiento mediante edicto antes de que finalice el término para diligenciar el emplazamiento personal. *Id.*

Por otro lado, en lo referente al diligenciamiento inadecuado del emplazamiento, es menester destacar que el Tribunal Supremo ha indicado que, el tribunal siempre debe procurar un balance entre el interés de promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en sus méritos. *Banco Popular v. Negrón Barbosa, 164 DPR 855 (2005).* Es por ello por lo que, cuando un emplazamiento es diligenciado de manera incorrecta, el remedio apropiado no es desestimar la demanda, sino más bien ordenar que se repita el diligenciamiento. *Id.*

**III**

En la acción de título, mediante el dictamen apelado, el TPI desestimó la *Demanda* incoada. La parte apelante acude ante esta Curia tras su inconformidad con el dictamen desestimatorio y nos invita a concluir, en síntesis, que el foro *a quo* incidió al (i) desestimar la *Demanda* contra la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por esta y el Sr. Echeverri Ortiz, antes de que expirara el término de ciento veinte (120) días dispuesto por la Regla 4.3(c) de Procedimiento Civil; (ii) al tratar un defecto subsanable en el diligenciamiento del emplazamiento como si constituyera un defecto fatal y al privar a la parte apelante de subsanar dicho defecto; y (iii) al mantener la *Sentencia Parcial* desestimatoria, aun cuando la parte apelante subsanó el defecto señalado, mediante la publicación del edicto y la notificación por correo certificado dentro del término reglamentario. Por estar los errores íntimamente relacionados, procederemos a discutirlos en conjunto.

Según relatamos previamente, el caso del título inició, el 9 de noviembre de 2025, cuando la parte apelante presentó una *Demanda* en contra de la parte apelada sobre cobro de dinero. Luego de que el TPI emitiera una *Orden*, el 23 de enero de 2026, mediante la cual ordenó al Consejo de Titulares a presentar los acuses de recibos dirigidos a la Sra. Álvarez Chung y la Sociedad Legal de Gananciales compuesta por ambos; ese mismo día, el Consejo de Titulares presentó una *Moción para*

*que se expida emplazamiento por edicto para emplazar a Josiane Marie Álvarez Chung*, en la cual informó que no encontró el correo certificado, por lo que solicitó que se expidiera nuevamente el emplazamiento por edicto. Por consiguiente, mediante *Orden* emitida el 27 de enero de 2026 y notificada al día siguiente, el TPI ordenó la expedición del emplazamiento por edicto y la publicación de este, así como el envío del emplazamiento y la *Demanda*, por correo certificado, a dirección de la Sra. Álvarez Chung. Conviene mencionar que, el 28 de enero de 2026, se expidió el emplazamiento por edicto. Asimismo, surge del expediente ante nuestra consideración que, en cumplimiento de la *Orden* del 27 de enero de 2026, el 2 de febrero de 2026, el Consejo de Titulares informó, mediante moción, que el emplazamiento fue publicado en el Vocero de Puerto Rico y que, ese mismo día, notificó por correo certificado la *Demanda*, la notificación de edicto, y la publicación del edicto a la Sra. Álvarez Chung, Sr. Echeverri Ortiz y la Sociedad Legal de Gananciales, compuesta por ambos.

Establecido lo anterior, reiteramos que la Regla 4.3 (c) de Procedimiento Civil establece que el emplazamiento será diligenciado en el término de ciento veinte (120) días, a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Cuando la demanda y los emplazamientos son radicados simultáneamente y la Secretaría del TPI no expide los emplazamientos el mismo día en que se presentó la demanda, el término de ciento veinte (120) días para diligenciar los mismos comienzan a discurrir a la fecha en que la Secretaría del TPI los expida. *Pérez Quiles v. Santiago Cintrón*, *supra*. Es decir, en estos casos, el término de ciento veinte (120) días comenzará a decursar desde el momento de la expedición del emplazamiento y no desde la presentación de la demanda. *Sánchez Ruiz v. Higuera Pérez*, *supra*, págs. 991-992. En lo atinente al emplazamiento mediante la publicación de un edicto, la parte demandante tiene que solicitar la expedición de emplazamiento mediante edicto antes de que finalice el término para diligenciar el emplazamiento personal. *Sánchez Ruiz v. Higuera Pérez,*

*supra*, págs. 987-988*, que cita a *Reyes v. Oriental Fed. Savs. Bank*, *supra*. Por otra parte, cuando un emplazamiento es diligenciado de manera incorrecta, el remedio apropiado no es desestimar la demanda, sino más bien ordenar que se repita el diligenciamiento. *Banco Popular v. Negrón Barbosa*, *supra.*

Tras haber examinado minuciosamente los autos ante nuestra consideración, somos del criterio que el TPI erró al desestimar la *Demanda* en cuanto a la Sra. Álvarez Chung y la Sociedad Legal de Gananciales, compuesta por esta y el Sr. Echeverri Ortiz. Ello, debido a que, aunque la parte apelante inicialmente notificó la *Demanda* sólo al Sr. Echeverri Ortiz, lo cierto es que, el 23 de enero de 2026, cuando todavía no había transcurrido el término de los ciento veinte (120) días para diligenciar el emplazamiento, el Consejo de Titulares presentó una *Moción para que se expida emplazamiento por edicto para emplazar a Josiane Marie Álvarez Chung.* Cabe destacar que, en respuesta a dicha moción, el 27 de enero de 2026, el TPI emitió una *Orden* en la cual ordenó la expedición del emplazamiento por edicto, así como la publicación de este y el envío del emplazamiento y la *Demanda*, por correo certificado, a la dirección de la Sra. Álvarez Chung. A tenor, surge del expediente ante nos que, el 28 de enero de 2026, se expidió dicho emplazamiento por edicto y que, el 2 de febrero de 2026, el emplazamiento fue publicado en el Vocero de Puerto Rico y se notificó, por correo certificado, la *Demanda*, el edicto, y la publicación del edicto a la Sra. Álvarez Chung, Sr. Echeverri Ortiz y la Sociedad Legal de Gananciales compuesta por ambos. Es decir, dichas gestiones se realizaron dentro de los ciento veinte (120) días desde la expedición del emplazamiento y la presentación de la *Demanda*. A tenor, no procedía desestimar la *Demanda*, toda vez que se ha establecido que, cuando un emplazamiento es diligenciado de manera incorrecta, el remedio apropiado no es desestimar la demanda, sino más bien ordenar que se repita el diligenciamiento. *Banco Popular v. Negrón Barbosa*, *supra*.

En mérito de lo antes expuesto y habiendo evaluado la totalidad de los autos ante nuestra consideración, nos es forzoso concluir que el primer, segundo y tercer error esgrimidos por la parte apelante se cometieron. En consecuencia, resolvemos que procede revocar la *Sentencia Parcial* apelada y devolver el caso al tribunal de instancia.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia Parcial* apelada. Se devuelve el caso al foro primario para la continuación de los procedimientos en armonía con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones